THE STATE, EX REL. BAKER ET AL., *v.* TROUTMAN, SHERIFF, ET AL.

[Cite as State, ex rel. Baker, *v.* Troutman (1990), 50 Ohio St. 3d 270.]

(No. 89-2044—Submitted February 6, 1990—Decided April 25, 1990.)

*Gold, Rotatori, Schwartz & Gibbons Co., L.P.A.,* and *Niki Z. Schwartz,* for petitioner-relator Donald Shury.

*John L. Wolfe,* for petitioner-relator Kenneth Baker.

*Lynn C. Slaby,* prosecuting attorney, *Gabrielle A. Manus* and *Larry G. Poulous,* for respondents.

*Per Curiam.* We agree that Miscellaneous Order No. 555 of the Court of Common Pleas of Summit County violates Section 9, Article I of the Ohio Constitution,[1] as implemented by Crim. R. 46,[2] and have

---

[1] Section 9, Article I, Ohio Constitution provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident, or the presumption great. Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted."

[2] Crim. R. 46 provides in part:

"(A) Purpose of and right to bail. The purpose of bail is to insure that the defendant appears at all stages of the criminal proceedings. All persons are entitled to bail, except in capital cases where the proof is evident or the presumption great.

"* * *

"(C) Pretrial release in felony cases. Any person who is entitled to release under subdivision (A), shall be released on his personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judge, unless the judge determines that such release will not assure the appearance of the person as required. Where a judge so determines, he shall, either in lieu of or in addition to the preferred methods of release stated above, impose any of the following conditions of release which will reasonably assure the appearance of the person for trial or, if no single condition gives that assurance, any combination of the following conditions:

granted a writ of habeas corpus ordering Baker's release on the posting of a $5,000 bond and a peremptory writ of mandamus in the first instance requiring respondents to nullify Miscellaneous Order No. 555.

First we reject respondents' arguments that Baker has no action in habeas corpus. In *State* v. *Bevacqua* (1946), 147 Ohio St. 20, 33 O.O. 186, 67 N.E. 2d 786, we held that habeas corpus is the proper method of securing relief for excessive pretrial bail under Section 9, Article I, Ohio Constitution.

We also reject respondents' contention that they owe no clear duty to Baker not to limit his access to a surety via Miscellaneous Order No. 555. Under Section 9, Article I, a criminal defendant, except a defendant in a capital case, has a right to nonexcessive bail on approval of sufficient sureties. We have stated that this right is absolute. *Locke* v. *Jenkins* (1969), 20 Ohio St. 2d 45, 49 O.O. 2d 304, 253 N.E. 2d 757.

The United States Constitution does not grant an absolute right to bail in noncapital cases. It only prohibits excessive bail. Eighth Amendment to the United States Constitution. Hence, federal law allows more exceptions to the right to bail than the capital-case exception expressly permitted by the Ohio Constitution. See *United States* v. *Salerno* (1987), 481 U.S. 739. Nevertheless, the Eleventh Circuit Court of Appeals has held that conditioning bail on its availability for payment of a fine is excessive and in violation of the Eighth Amendment. *United States* v. *Rose* (C.A. 11, 1986), 791 F. 2d 1477. A former justice of the United States Supreme Court reached the same conclusion. *Cohen* v. *United States* (1962), ____ U.S. ____, 7 L. Ed. 2d 518, 82 S. Ct. 526.

The rationale behind these federal opinions is that the purpose of bail is to ensure the appearance of the defendant at all stages of the criminal proceedings and that conditions that do not relate to appearance are necessarily excessive. In Ohio, that purpose is expressly stated in Crim. R. 46(A), which implements Section 9, Article I, Ohio Constitution:

"The purpose of bail is to insure that the defendant appears at all stages of the criminal proceedings. * * *"

Thus, we examine Miscellaneous Order No. 555's effect on appearance.

Bail ensures appearance. Therefore, the conditions placed on it must relate to appearance and the reasons for forfeiture to nonappearance. Miscellaneous Order No. 555 was not so structured. It conditioned the right to bail on an accused's or surety's consent to forfeit the bail for fines and costs, which respondents did not explain or justify in terms of ensuring appearance. Moreover, it provided implicitly for forfeiture upon conviction even though the obligation to appear was fully satisfied. We view its operation as excessive bail under Section 9, Article I because it placed limiting conditions on bail that were unrelated to appearance of the accused.

Respondents further argue that they owe no duty to relator Shury because R.C. 2937.40(B) states, or at least implies, that cash or security deposits may be retained with consent of the surety:

---

"* * *

"(4) Require the execution of a bail bond with sufficient solvent sureties, or the execution of a bond secured by real estate in the county, or the deposit of cash or the securities allowed by law in lieu thereof, or;

"(5) Impose any other constitutional condition considered reasonably necessary to assure appearance."

"* * * The court shall not apply any of the deposited cash or securities toward, or declare forfeited and levy or execute against property pledged for a recognizance for, the satisfaction of any penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea, except upon express approval of the person who deposited the cash or securities or the surety."

It does not follow that because a statute prohibits use of cash or security deposits to pay fines and costs except with consent, a court may then *require* "consent" before permitting such deposits. Moreover, were respondents' construction of R.C. 2937.40(B) correct, it too would violate Section 9, Article I.

We also reject respondents' contentions that relators had a plain and adequate remedy in the ordinary course of law through appeal. To be adequate a remedy must be beneficial and speedy as well as complete. *State, ex rel. Liberty Mills, Inc., v. Locker* (1986), 22 Ohio St. 3d 102, 22 OBR 136, 488 N.E. 2d 883. Resolving the issue on appeal would have come far too late to aid Baker. Since we resolve the issues on Baker's behalf immediately, we find no merit in forcing Shury to appeal only to receive the same result.

Accordingly, we affirm *State* v. *Bevacqua*, which held that habeas corpus is a proper remedy to contest excessive pretrial bail, and also hold that Miscellaneous Order No. 555 violates the prohibition of Section 9, Article I against excessive bail. So holding, we find that relator Shury has a clear right to relief from the unconstitutional order, that respondents have a clear duty to grant that right, and that neither relator has a plain and adequate remedy in the ordinary course of law. By our previous order, we have granted relators the relief sought.

*Writs allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.