**In re COMPLAINT FOR WRIT OF HABEAS CORPUS FOR HERNANDEZ et al.**

[Cite as *In re Complaint for Writ of Habeas Corpus of Hernandez* (1998), 126 Ohio App.3d 584.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73980.

Decided March 10, 1998.

*John P. Parker,* for petitioner Angel Torres.

*Kenneth Rubenstein,* for petitioner Carlos Kincaid.

*John H. Carlin,* for petitioner Henry Hernandez.

*David L. Rowthorn,* for petitioner Jackie Hernandez.

*Robert A. Dixon,* for petitioner Holly Morelli.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Arthur A. Elkins,* Assistant Prosecuting Attorney, for respondent.

---

PORTER, Judge.

Petitioners, Angel Torres, Carlos Kincaid, and Henry Hernandez,[1] commenced this habeas corpus action against respondent, Gerald T. McFaul,[2] Sheriff of Cuyahoga County, claiming that they are being held in jail on excessive pretrial bail as follows: Torres and Kincaid, $1,000,000 each, and Hernandez, $3,000,000. This court issued the writ of habeas corpus and on March 4, 1998, held a hearing on the merits of the petition. For the reasons that follow, this court finds the amounts of bail set in Cuyahoga County Court of Common Pleas case No. CR–359998 to be excessive and orders bail be reduced and set as follows: Torres, $500,000; Kincaid, $250,000; Hernandez, $750,000. All bonds are to be executed with sufficient solvent sureties as required by Crim.R. 46(C)(4); all bonds are subject to the condition that each petitioner be in supervisory custody through the court supervisory release program, see Crim.R. 46(C)(1); and all bonds are subject to the further condition that each petitioner refrain from travel outside Cuyahoga County pending the outcome of the criminal proceedings, see Crim.R. 46(C)(2).

The following facts were offered at the hearing and/or were derived from the written submissions of the parties.[3] Petitioners were arrested on February 10, 1998 in Cleveland after returning on the train from New York with two suitcases, each containing over two thousand grams of cocaine. Detectives valued the cocaine at $100,000 wholesale and $1,000,000 retail. On February 19, 1998, the Cuyahoga County Grand Jury indicted petitioners in a two-count indictment. Count one charged Angel Torres and Carlos Kincaid with possession of drugs in violation of R.C. 2925.11, with major drug offender and juvenile specifications. Count two charged all of the petitioners with conspiracy to commit possession of drugs in violation of R.C. 2923.01 and 2925.11. The trial court set bond at $1,000,000 each for Torres and Kincaid and $3,000,000 for Henry Hernandez. Efforts to reduce the bonds were unavailing.

---

1. Petitioners Jackie Hernandez and Holly Morelli voluntarily dismissed their claims on March 4, 1998.

2. Petitioners voluntarily dismissed Rocco Pollutro as a respondent on February 23, 1998.

3. None of the parties presented testimony under oath.

Angel Torres was born in Puerto Rico in 1970 and has lived in the Cleveland area for fourteen years. He has two children, ages eight and five, with his common-law wife, Jackie Hernandez, a former petitioner herein and sister of co-petitioner Henry Hernandez. They have resided in rental property on West 91st Street in Cleveland for about five months. Both Torres and Jackie Hernandez were employed, but their financial resources are limited. Torres has numerous relatives in the Cleveland area and has no prior felony record.

Carlos Kincaid is twenty-two years old and a high school graduate. He was born in the United States and resides on East 150th Street. He was working for Community Services about fifty hours per week in a work-study arrangement for a college grant. He wished to obtain a music degree. Kincaid has been steadily employed, but has limited resources. He, too, has no prior record. Kincaid maintained that he was invited on the New York trip by his friends to attend the NBA All-Star Game.

Henry Hernandez, a United States citizen, is twenty-five years old and is one of seven children. He has lived in the Cleveland area all of his life. He resides on Hampton in Cleveland with his fiance, Holly Morelli, an original petitioner herein, and their one-year-old child. Hernandez is unemployed, but takes care of his child at home. He has family in the area, but no financial holdings. Hernandez has a previous record, two drug convictions in 1991 and one juvenile offense in 1989, and has a history of eluding court dates. In 1991, the court had to issue a capias to arrest Hernandez on four occasions for court appearances.

The state maintained at the hearing that petitioners were the "hub" of a drug operation that had existed for at least one and one-half years. The prosecutor stated that petitioners were caught red-handed, the evidence against them was overwhelming, and petitioners were facing stiff prison terms of a minimum of twenty-eight years each. The prosecutor argued that due to the large amount of drugs involved and the value of those drugs, petitioners likely had access to large sums of money. The prosecutor represented that out of one hundred and thirty major drug cases pending in the trial court, that court has had to issue a capias in forty-nine of them.

In addition, regarding Henry Hernandez, the state indicated that he may be charged with possession as well. The prosecutor said that Hernandez was the head of the organization, he had a criminal history in three states, and he possessed a round-trip ticket to Hawaii when he was arrested. Although Hernandez denied it, the prosecutor reported that at the time of arrest, Hernandez boasted that a bond of $200,000 would not be a problem.

Both the federal and Ohio Constitutions guarantee the right to nonexcessive bail. Eighth Amendment to the United States Constitution; Section 9,

Article I, Ohio Constitution. The purpose of bail is to ensure the appearance of the defendant at all stages of the criminal proceeding. Crim.R. 46(A). In determining bail, the trial court considers the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the accused's length of residence in the community, any record of convictions, and any record of appearance or nonappearance at court proceedings or any flight to avoid prosecution. Crim.R. 46(F). When presented in a habeas corpus action with a challenge to the amount of bail set by the trial court, this court has both appellate and original jurisdiction. *State ex rel. Baker v. Troutman* (1990), 50 Ohio St.3d 270, 553 N.E.2d 1053; *In re Defronzo* (1977), 49 Ohio St.2d 271, 3 O.O.3d 408, 361 N.E.2d 448; *State ex rel. Miller v. McFaul* (Sept. 30, 1997), Cuyahoga App. No. 73214, unreported; *State ex rel. Hartberger v. McFaul* (May 29, 1992), Cuyahoga App. No. 63713, unreported.

▮▮▮ Based upon the facts presented at the hearing, this court agrees with the state that in light of the nature of the crime, the weight of the evidence against petitioners, the length of sentences if convicted, and, with respect to Hernandez, his previous convictions and record of nonappearances, there is a reasonable probability of flight regardless of family ties in the community. Bail, however, must be reasonable and must be commensurate with the risk of flight in order to ensure the presence of petitioners at trial. We find the $1 million and $3 million bonds to be unreasonable and excessive to ensure the attendance of petitioners at trial. *Ghali v. McFaul* (Oct. 15, 1996), Cuyahoga App. No. 71334, unreported, 1996 WL 596447 (bail reduced from $5 million to $3 million with conditions); *Moore v. McFaul* (Jan. 22, 1997), Cuyahoga App. No. 71886, unreported (drugs—$150,000 bail); *In re Green* (1995), 101 Ohio App.3d 726, 656 N.E.2d 705 (drugs—$250,000); *State ex rel. Garcia v. McFaul* (July 6, 1994), Cuyahoga App. No. 67410, unreported (drugs—$250, 000); *Garcia v. McFaul* (June 10, 1994), Cuyahoga App No. 67384, unreported (drugs—$250,000) The reductions of bond provided herein with the additional bond conditions should adequately secure the purposes of bail without infringing upon that right excessively.

Accordingly, judgment is ordered for petitioners as follows:

(1) Angel Torres: Bail is reduced from $1,000,000 to $500,000 and petitioner is ordered released only upon meeting the requirements of Crim.R 46(C)(4) by posting a bail bond with sufficient solvent sureties in that amount and further upon the condition that petitioner refrain from travel outside of Cuyahoga County and be in supervisory custody through the Court Supervisory Release Program pending the outcome of the criminal proceeding in Cuyahoga County Court of Common Pleas case No. CR–359998;

(2) Carlos Kincaid: Bail is reduced from $1,000,000 to $250,000 and petitioner is ordered released only upon meeting the requirements of Crim.R 46(C)(4) by posting a bail bond with sufficient solvent sureties in that amount and further upon the condition that petitioner refrain from travel outside of Cuyahoga County and be in supervisory custody through the Court Supervisory Release Program pending the outcome of the criminal proceeding in Cuyahoga County Court of Common Pleas case No. CR–359998;

(3) Henry Hernandez: Bail is reduced from $3,000,000 to $750,000 and petitioner is ordered released only upon meeting the requirements of Crim.R 46(C)(4) by posting a bail bond with sufficient solvent sureties in that amount and further upon the condition that petitioner refrain from travel outside of Cuyahoga County and be in supervisory custody through the Court Supervisory Release Program pending the outcome of the criminal proceeding in Cuyahoga County Court of Common Pleas case No. CR–359998.

Failure to comply with these conditions shall result in immediate revocation of bail and forfeiture of the bond. Respondent to pay remaining costs.

*Judgment accordingly.*

PATRICIA A. BLACKMON, A.J., and MICHAEL J. CORRIGAN, J., concur.