Petitioner, David Ervin Wheatley, has filed a petition for a writ of habeas corpus following the revocation of his bail in the underlying case of State v. Wheatley, Cuyahoga County Court of Common Pleas Case No. CR-372364(A).
In CR-372364(A), the petitioner was indicted by the Cuyahoga County Grand Jury for the offenses of possession of drugs and preparation of drugs. Subsequent to indictment by the Cuyahoga County Grand Jury, the petitioner was indicted in the United States District Court for the Northern District of West Virginia for the offenses of conspiracy to possess with intent to distribute and to distribute cocaine, marijuana, LSD and methamphetamine, distribution of cocaine, and convicted felon in possession of a firearm. On May 19, 1999, the trial court, in CR-372364 (A), conducted a hearing following the Cuyahoga County Prosecutor's oral motion for bond revocation. At the conclusion of the hearing, the trial court revoked the petitioner's bail and ordered that the petitioner be remanded to the custody of the respondent, the Sheriff of Cuyahoga County, Gerald T. McFaul.
The Eighth Amendment to the United States Constitution, Section 9, Article I of the Ohio Constitution, and Crim.R. 46(C) provide that a defendant is entitled to reasonable bail in all criminal cases except those that involve a capital offense. In determining bail, the trial court must consider the nature and circumstances of the offenses charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and any record of appearance or nonappearance at court proceedings or any flight to avoid prosecution. See Crim.R. 46(F); State ex rel. Baker v. Troutman
(1990), 50 Ohio St.3d 270; State ex rel. McFaul (Sept. 30, 1997), Cuyahoga App. No. 73214, unreported. The rights of a defendant to bail, however, must be balanced against the "state's compelling interest in maintaining the proper functioning of the judiciary" and the premise that the trial court "must preserve the integrity of the judiciary by establishing bail so as to ensure the accused's presence at all criminal proceedings." In re Mason (1996),116 Ohio App.3d 451, at p. 453.
In the case sub judice, the trial court conducted a hearing and was presented with testimony and evidence which demonstrated that the petitioner was subsequently indicted in the United States District Court for the Northern District of West Virginia for several serious crimes. This court reviewed the facts presented at the hearing on May 19, 1999 and took additional testimony and evidence at the hearing of May 24, 1999. This court considered petitioner's residency, the nature of the offenses charged, the weight of the evidence against the petitioner, the length of sentences if convicted, the petitioner's prior conviction and the record of appearances. We conclude there is reasonable probability that the petitioner will appear for trial as currently scheduled for June 1, 1999. Petitioner is entitled to a continuation of his bail. Bail, however, must be commensurate with the risk of flight in order to ensure the presence of the petitioner at trial. We find that an increase in the amount of bail is warranted. State exrel. Ghali v. McFaul (Oct. 15, 1996), Cuyahoga App. No. 71334, unreported; In re Green (1995), 101 Ohio App.3d 726.
Accordingly, bail in the amount of $10,000 is ordered and petitioner is ordered released only upon the posting of a bail bond with sufficient solvent sureties in said amount and further upon the condition that petitioner refrain from travel outside of Cuyahoga County unless prior approval is obtained from the trial court in CR-372364(A)
The petition for a writ of habeas corpus is granted. Costs to respondent.
Writ granted.
PORTER, A.J., and KILBANE, J., CONCUR.
 ___________________________________ DIANE KARPINSKI, JUDGE