**BLACKWOOD**

v.

**McFAUL, Sheriff.**

[Cite as *Blackwood v. McFaul* (1999), 134 Ohio App.3d 138.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76888.

Decided Sept. 7, 1999.

*Michael Belcher,* for petitioner.

*William D. Mason,* Cuyahoga County Prosecutor, and Eleanore E. Hilow, Assistant County Prosecutor, for respondent.

---

KILBANE, Judge.

Petitioner, Calbert Blackwood, avers that he was arrested on August 18, 1999, and charged with violating R.C. 2925.11, a second-degree felony. Petitioner's bond was set at $1 million in *Cleveland v. Blackwood,* Cleveland M.C. case No. 99 CRA 32184. A second judge of that court maintained the bond at $1 million after continuing the case for a preliminary hearing. After the preliminary hearing, a third judge of that court maintained the bond at the same amount. The municipal court bound the case over to the court of common pleas. In an entry received for filing on September 2, 1999, the court of common pleas denied petitioner's motion for bond reduction in *State v. Blackwood,* Cuyahoga C.P. case No. CR 7E6907.

Petitioner further avers:

"[H]e has no felony record, has been and presently resides in Houston, Texas for the past twenty (20) years; that he has four (4) children in Houston, Texas; that he is a citizen of Jamaica but has maintained permanent resident status in Houston Texas for fourteen (14) years; that he is a self-employed carpenter; and that a Ten Thousand Dollar ($10,000.00), bond would be sufficient to secure his appearance for further court proceedings."

By entry dated September 3, 1999, this court granted a writ of habeas corpus and ordered respondent to have petitioner before this court on Tuesday, September 7, 1999, at 2:30 p.m. for a hearing on the merits of the petition.

At the hearing, counsel for petitioner and respondent presented arguments. Petitioner did not offer any evidence. The only witness was an officer from the Geauga County Sheriff's Department assigned to the United States Drug Enforcement Administration ("DEA") task force.

■ The testimony at the hearing indicated that petitioner traveled to Cleveland Hopkins International Airport from Houston, Texas with a codefendant. Petitioner was seen carrying and later abandoning a suitcase at the airport. The suitcase contained approximately forty-six pounds of marijuana. Petitioner had previously come to the attention of DEA through several investigations. An unspecified bond has been posted in a drug case currently pending in Houston.

The standard for considering this action in habeas corpus is well settled:

"In a habeas corpus action to contest the reasonableness of bond, this court must determine whether the trial court abused its discretion. *In re Gentry* [ (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987]; *Jenkins v. Billy* (1989), 43 Ohio St.3d 84, 538 N.E.2d 1045; *Lewis v. Telb* (1985), 26 Ohio App.3d 11, 26 OBR 179, 497 N.E.2d 1376." *In re Green* (1995), 101 Ohio App.3d 726, 730, 656 N.E.2d 705, 707.

■ In *Miller v. McFaul* (Sept. 30, 1997), Cuyahoga App. No. 73214, unreported, we described the nature of our review of an action in habeas corpus challenging the propriety of the amount of bail before trial:

"A petition for a writ of habeas corpus, which involves a claim of excessive pretrial bail, is a hybrid case which requires either or both appellate and original review. See *State ex rel. Baker v. Troutman* (1990), 50 Ohio St.3d 270 [553 N.E.2d 1053]; *Jenkins v. Billy* (1989), 43 Ohio St.3d 84 [538 N.E.2d 1045]; *In re DeFronzo* (1977), 49 Ohio St.[2d] 271 [3 O.O.3d 408, 361 N.E.2d 448]." *Id.* at 1–2.

Crim.R. 46(C) sets forth the factors that the court of common pleas is required to consider in determining bail:

"In determining the types, amounts, and conditions of bail, the court shall consider all relevant information including but not limited to:

"(1) The nature and circumstances of the crime charged;

"(2) The weight of the evidence against the defendant;

"(3) The confirmation of the defendant's identity;

"(4) The defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution;

"(5) Whether the defendant is on probation, a community control sanction, parole, post-release control, or bail."

■ Petitioner in this case has no ties to this community. Furthermore, he is not a citizen of the United States. In *Ghali v. McFaul* (Oct. 15, 1996), Cuyahoga App. No. 71334, unreported, 1996 WL 596447, this court reduced bail from $5

million to $3 million. Petitioner Ghali was born in Egypt and received his medical degree in Cairo. He had been a naturalized citizen of the United States for approximately thirty years and lived in the Cleveland area for approximately seven years. Ghali was charged with various counts of felonious sexual penetration, kidnapping, felonious assault, and gross sexual imposition.

In *In re Complaint for Writ of Habeas Corpus of Hernandez* (1998), 126 Ohio App.3d 584, 710 N.E.2d 1187 (Eighth Dist.), petitioners were arrested in Cleveland after returning on a train from New York with two suitcases each containing over two thousand grams of cocaine. This court reduced the $3 million bond for a petitioner who had lived in the Cleveland area all of his life to $750,000; reduced the $1 million bail for a petitioner born in Puerto Rico who had lived in the Cleveland area for fourteen years to $500,000; reduced the $1 million bail for a petitioner who is a citizen of the United States and a lifelong resident of the Cleveland area to $250,000.

In *In re Green* (1995), 101 Ohio App.3d 726, 730, 656 N.E.2d 705, 707 (Eighth Dist.), petitioner was charged with two counts of drug trafficking and one count of having a weapon under disability. This court reduced the $500,000 bail to $250,000. Green lived his entire life in the Cleveland area. This court considered various other decisions holding that bail in the amount of $250,000 is sufficient. "If a $250,000 bond is appropriate for individuals who are likely to flee and who are charged with serious offenses, then bond should not be doubled for an individual for whom a propensity or ability for flight has not been established, even if he is charged with a more serious offense." *Id.* at 731, 656 N.E.2d at 708.

Petitioner concedes that he has no ties to this community. He also acknowledges that he is not a citizen of the United States.

■ Based upon the facts presented at the hearing, the charge, and the potential sentence, we recognize that there is a reasonable probability of flight—especially in light of the fact that petitioner has no ties to the community. "Bail, however must be reasonable and must be commensurate with the risk of flight in order to ensure the presence of petitioners at trial." *Hernandez,* 126 Ohio App.3d at 588, 710 N.E.2d at 1190.

Accordingly, relief in habeas corpus is ordered, and bail is reduced from $1 million to $750,000, cash or surety, subject to the following conditions:

1. Petitioner shall surrender his passport to the Cuyahoga County Prosecutor, *cf. Ghali, supra,* and refrain from any travel except to return to his home in the Houston, Texas area; and

2. Petitioner shall arrange for and pay for electronic monitoring in the Houston area.

Petitioner to pay costs.

*Judgment accordingly.*

PORTER, A.J., and MICHAEL J. CORRIGAN, J., concur.