OPINION AND JOURNAL ENTRY
On March 22, 2001, Petitioner Paul A. King filed a Petition for Writ of Habeas Corpus as he is confined to electronically monitored house arrest as a condition of bond. Oral arguments were held on March 27, 2001. For the following reasons, the Petition for Writ of Habeas Corpus is denied.
 STATEMENT OF THE CASE
On March 2, 2001, Petitioner was charged with one count of assault in violation of R.C. 2903.13(A) and one count of aggravated trespassing in violation of R.C. 2911.211(A). Both charges involved first degree misdemeanors. The trial court set bond at $75,000 for each charge with the condition that Petitioner is to have no contact with the complaining witness. Additionally, as a condition of bond, petitioner was placed on electronically monitored house arrest (EMHA). The EMHA was later modified to allow Petitioner to leave his home for critical health emergencies.
Petitioner filed a Petition for Writ of Habeas Corpus with this court seeking release from house arrest. Moreover, Petitioner contends that the amount of bond was excessive.
 LAW AND ANALYSIS
Prior to 1998, Crim.R. 46, which implements Section 9, Article I of the Ohio Constitution, provided that the purpose of bail is to insure that the defendant appears at all stages of the criminal proceedings. State exrel. Baker v. Troutman (1990), 50 Ohio St.3d 270, 272. However, Crim.R. 46 was reorganized to reflect the Constitutional Amendment to Section 9, Article I of the Ohio Constitution passed by Ohio's voters on November 4, 1997. Crim.R. 46, staff notes. The current version took effect on July 1, 1998. Crim.R. 46 provides in pertinent part:
 "(B) Conditions of Bail. The court may impose any of the following conditions of bail:
* * *
 (3) Place the person under a house arrest or work release program;
* * *
 (7) Any other constitutional condition considered reasonably necessary to ensure appearance or public safety." (Emphasis added).
Crim R. 46(C) specifically indicates that a court can consider "all relevant information" in deciding the amount of bond and conditions placed upon it. The rule lists five factors that may be considered; however, it provides that bail determination is not limited to the listed factors.
In reviewing a trial court's decision concerning bond, our task is not to substitute our judgment for that of the trial court. Rather, we will not disturb a trial court's decision absent an abuse of discretion.Davenport v. Tehan (1970), 24 Ohio St.2d 91; Bland v. Holden (1970)21 Ohio St.2d 238, 239. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable or unconscionable. Tracy v. Merrill-DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
The trial court acted within its discretion when it set Petitioner's bond at $150,000 and conditioned it on EMHA. The trial court considered Petitioner's lengthy criminal record, which contained murder charges, drug offenses and assault. It also considered the complaining witness' safety. Because of Petitioner's propensity for violent behavior and threats of violence, the trial court concluded that $150,000 was an amount necessary to ensure public safety. Pursuant to Crim.R. 46, it was not improper for the trial court to consider these factors. Furthermore, requiring Petitioner to submit to EMHA as a condition of bond was not unreasonable, arbitrary or unconscionable in light of the facts before the trial court. As such, we find that the trial court did not abuse its discretion.
For the foregoing reasons, the Petition for Writ of Habeas Corpus is denied.
Final order. Clerk to serve a copy on the parties as provided by the Civil Rules.
Costs taxed against Petitioner.
Vukovich, P.J., concurs, Donofrio, J., concurs, Waite, J., concurs.