ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, Antonio Johnson, is the defendant in State v.Johnson, Cuyahoga County Court of Common Pleas Case No. CR-463247. The case summary for Case No. CR-463247 reflects that Johnson is charged with drug possession (R.C. 2925.11), trafficking (R.C. 2925.03) and possessing criminal tools (R.C. 2923.24).
 {¶ 2} In the petition in this action, petitioner avers that he was previously charged with a felony and served approximately 18 months; and he is a resident of California who could reside in Cuyahoga County under supervised release while Case No. CR-463247 is pending. Johnson avers that the bail set by the court of common pleas is excessive and requests that this court reduce his bail to $100,000. The petition does not state the amount of bail set by the court of common pleas.
 {¶ 3} A review of the docket in Case No. CR-463247 reflects that the court of common pleas originally set bail at $1,000,000. The court of common pleas also granted Johnson's motion for reduction of bond by entry received for filing on March 14, 2005 and set bond at $500,000. For the reasons stated below, we dismiss this action sua sponte. See e.g., Stateex rel. Norman v. McFaul (Apr. 8, 1999), Cuyahoga App. No. 76231; Stateex rel. Hebert v. McFaul (June 4, 1998), Cuyahoga App. No. 74246.
 {¶ 4} Initially, we note that the petition is insufficient to maintain an action in habeas corpus.
"R.C. 2725.04 requires that petitions for habeas corpus be verified.The failure to verify the petition requires its dismissal. Chari v. Vore(2001), 91 Ohio St.3d 323, 744 N.E.2d 763 and State ex rel. Crigger v.Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270, 695 N.E.2d 254.In Vore the Supreme Court of Ohio was adamant that unverified petitionsfor habeas corpus be dismissed; it reversed the granting of relief in ahabeas petition because it was not verified. Similarly, the relatorfailed to support his complaint with an affidavit specifying the detailsof the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilsonv. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported andState ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No.70899, unreported."
 State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2-3.
 {¶ 5} Likewise, in this action, Johnson has not verified the petition or supported it with an affidavit specifying the details of the claim. As indicated in Woods, these grounds alone are sufficient for dismissal of this action. Additionally, petitioner as not attached a copy of the commitment papers to the petition. See Sherrills, supra, citing R.C.2725.04(D) and Sidle v. Ohio Adult Parole Auth. (2000), 89 Ohio St. 3d 520,733 N.E.2d 1115. Compliance with R.C. 2725.04(D) requires attachment of the journal entry causing petitioner's detention. Hawkins v. S. OhioCorrectional Facility, 102 Ohio St.3d 299, 2004-Ohio-2893, 809 N.E.2d 1145, at ¶ 4.
 {¶ 6} Johnson's complaint is defective on another ground.
"* * * Additionally, relator `did not file an R.C. 2969.25(A) affidavitdescribing each civil action or appeal of a civil action he had filed inthe previous five years in any state or federal court * * *.' State exrel. Hunter v. Cuyahoga Cty. Court of Common Pleas(2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421."
 {¶ 7} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 4. Likewise, in this action, Johnson has failed to support his complaint with the requisite affidavit. This defect provides another basis for dismissing this action. "The failure to comply with R.C. 2969.25
warrants dismissal of the complaint for a writ of mandamus. State exrel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594
and State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242." State ex rel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6. See also State ex rel. Perotti v. McFaul, Cuyahoga App. No. 83622, 2004-Ohio-491, at ¶ 8 (dismissing a petition in habeas corpus).
 {¶ 8} Although we do not express an opinion on the merits of Johnson's claim for relief in habeas corpus, we must also dismiss the petition for failure to state a claim in habeas corpus. Petitioner acknowledges that he has previously "served a sentence of approximately 18 months" for an unspecified crime. He also states the he is a resident of California. Although this court does not have before it the transcript of proceedings in the court of common pleas (Compare In Re: Armendariz v. McFaul,
Cuyahoga App. No. 82703, 2003-Ohio-2327), the disposition of other habeas corpus actions involving charges of drug trafficking or possession clearly demonstrate that Johnson's petition fails to state a claim upon which relief in habeas corpus can be granted.
 {¶ 9} In In the Matter of: Birner v. McFaul (Nov. 21, 2001), Cuyahoga App. No. 80408, the petitioner was charged with multiple counts, including drug trafficking. Although Birner had some ties to the community, he did not reside in the Cleveland area. This court refused Birner's request to reduce the bail amount from $1 million to $100,000 and dismissed Birner's petition for relief in habeas corpus.
 {¶ 10} In In the Matter of: Blackwood v. McFaul (1999),134 Ohio App.3d 138, 730 N.E.2d 452 [8th Dist.], the petitioner was charged with violating R.C. 2925.11 (possession of drugs). Blackwood had no ties to the community. This court entered judgment modifying his bail from $1 million to $750,000.
 {¶ 11} In In the Matter of: Hernandez (1998), 126 Ohio App.3d 584,710 N.E.2d 1187 [8th Dist.], the petitioners were charged with various drug-related crimes. The bond of a petitioner who had no prior felony record and had lived in the Cleveland area for fourteen years was reduced from $1 million to $500,000. The bond of another petitioner who resided in the area and had no prior record was reduced from $1 million to $250,000. The bond of a third petitioner who was a life-long resident of the Cleveland area was reduced from $3 million to $750,000.
 {¶ 12} Given the sparse pleading in the petition, these holdings require that we reach the conclusion that Johnson's petition in this action fails to state a claim upon which relief in habeas corpus can be granted. Johnson does have a prior record and has not averred that he has any ties to the community.
 {¶ 13} Accordingly, we dismiss this action sua sponte. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Celebrezze, Jr., P.J., Concurs.
 Gallagher, J., Concurs.