ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, Larry Collins, has filed a "Writ of Error." Because he asserts that he is "entitled to his freedom forthwith," we will treat this action as an action in habeas corpus. Collins requests that this court order a hearing in to his detainment by respondents sheriff (Gerald McFaul), prosecuting attorney (William Mason) and common pleas judge (Eileen T. Gallagher) as well as order his discharge from detention.
 {¶ 2} Initially, we note that — to the extent that Collins seeks relief against respondents prosecuting attorney and judge in order to effect his immediate release, he has named the wrong parties as respondents.
[Petitioner] Pruitt also failed to name the correct party respondent. Pruitt named the Judge and Chief of Police rather than the custodian. R.C. 2725.04(B). See also, State ex rel.Sherrills v. State, 91 Ohio St.3d 133, 2001 Ohio 299,742 N.E.2d 651 (affirming the sua sponte dismissal of a petition for habeas corpus, inter alia, because the petitioner did not name the proper respondents).
Similarly, in this action we must dismiss sua sponte respondents prosecuting attorney and judge.
 {¶ 3} In the petition, Collins states that he is in custody under an order "entered on January 19, 2005." The only docket entry which fits that description reads: "cash/surety/prop. bond set, amount $30,000.00." That is, petitioner is complaining that his confinement is unlawful, but his confinement is solely due to his failure to post bond.
 {¶ 4} In State ex rel. Perotti v. McFaul, Cuyahoga App. No. 83622, 2004-Ohio-491, the petitioner complained that the Ohio Adult Parole Authority ("APA") had wrongfully placed a "hold" on him when he was charged with having a weapon under disability and carrying a concealed weapon while on parole. After noting that Perotti had failed to post the $10,000 bond in the new case, this court determined that "[t]he restraint of Perotti's liberty is due to the new charges against him. Perotti has, therefore, failed to state a claim in habeas corpus." Id. at ¶ 6.
 {¶ 5} Similarly, in this case, we must conclude that Collins' failure to post bond is the reason for his continuing confinement. We must, therefore, conclude that the petition fails to state a claim upon which relief can be granted and dismiss this action sua sponte.
 {¶ 6} We also note that the petition is not verified as required by R.C. 2725.04, is not supported with an affidavit specifying the details of the claim as required by Loc.App.R. 45(B)(1)(a) and is not supported with an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action which Collins had filed in the previous five years in any state or federal court. Any one of these grounds would be a sufficient basis for dismissing this action. See, e.g., Johnsonv. McFaul, Cuyahoga App. No. 86153, 2005-Ohio-1663, at ¶ 4-7.
 {¶ 7} Accordingly, we dismiss the petition sua sponte. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Petition dismissed.
Calabrese, Jr., P.J., and Corrigan, J., concurs.