JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Garrett Thomas has filed a petition for a writ of habeas corpus against Gerald T. McFaul, Cuyahoga County Sheriff. Thomas essentially argues that bail in the amount of $100,000, as ordered in State v.Thomas, Cuyahoga County Court of Common Pleas Case Nos. CR-483092 and CR-483094, is excessive. McFaul has filed a motion to dismiss, which we grant for the following reasons.
 {¶ 2} Initially, we find that Thomas has improperly captioned his petition for a writ of habeas corpus. The caption of "State v. Thomas" does not identify the petitioner or the respondent, and has also failed to include the address of the respondent as required by Civ.R. 10(A). The Supreme Court of Ohio has established that an improper caption constitutes a basis for dismissal of a petition for a writ of habeas corpus. State ex rel Sherrills v. The State of Ohio (2001),91 Ohio St.3d 133, 742 N.E.2d 651.
 {¶ 3} In addition, Thomas has failed to comply with the mandatary requirements of R.C. 2725.04.
 R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires its dismissal. Chari v. Vore (2001), 91 Ohio St.3d 323,744 N.E.2d 763 and State ex rel. Crigger v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 270, 695 N.E.2d 254. In Vore the Supreme Court of Ohio was adamant that unverified petitions for habeas corpus be dismissed; it reversed the granting of relief in a habeas petition because it was not verified. Similarly, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Alabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported."(Emphasis added.) *Page 4 
State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2.
 {¶ 4} Herein, Thomas has not verified the petition for a writ of habeas corpus, which requires dismissal of his petition for a writ of habeas corpus. Chari v. Vore, supra. In addition, Thomas has also failed to comply with Loc. App.R. 45(B)(1)(a) which mandates that the petition be supported by a sworn affidavit that specifies the details of the claim. Employment of a statement that "he has read the foregoing petition and knows the contents thereof that the same is true" does not comply with the requirement that the affidavit specify the details of the claim. Turner v. Russo, Cuyahoga App. No. 87852, 2006-Ohio-4490;Jarrett v. Cuyahoga Cty. Common Pleas Court, Cuyahoga App. No. 87232,2006-Ohio-2220.
 {¶ 5} Finally, Thomas has failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty. Court ofCommon Pleas, 94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624;State ex rel. Sherrills v. Franklin Cty. Clerk of Courts,92 Ohio St.3d 402, 2001-Ohio-211, 750 N.E.2d 94.
 {¶ 6} Notwithstanding the aforesaid procedural defects which mandate dismissal of the petition for a writ of habeas corpus, we find that Thomas has failed *Page 5 
to substantively demonstrate that his bail is excessive. The United States Constitution and the Ohio constitution provide that excessive bail shall not be required. The purpose of bail is to assure the attendance of a defendant at trial. Bland v. Holden (1970),21 Ohio St.2d 238, 257 N.E.2d 397; Crim.R. 46(A). A trial court, when determining bail pursuant to Crim.R. 46(A), must consider all relevant information, including but not limited to: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) confirmation of the defendant's identity; (4) the defendant's family ties, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of appearance at court proceedings or of flight to avoid prosecution; and (5) whether the defendant is on probation, a community control sanction, parole post-release control, or bail. The trial court, following a weighing of the aforesaid factors, sets the amount of bail within its sound discretion.
 {¶ 7} This court, through a petition for a writ of habeas corpus, must determine whether the trial court abused its discretion in setting the amount of bail and other conditions. Jenkins v. Billy (1989),43 Ohio St.3d 84, 538 N.E.2d 1045; Lewis v. Telb (1985), 26 Ohio App.3d 11,497 N.E. 1376; In re Gentry (1982), 7 Ohio App.3d 143, 454 N.E.2d 987. In order for this court to determine that the trial court abused its discretion in setting bail and other conditions, we must find that the decision was arbitrarily made, unreasonable in light of the given circumstance, or that no reasonable judge would adopt the view as rendered by the trial court. *Page 6 Pembaur v. Leis (1982), 1 Ohio St.3d 89, 437 N.E.2d 1199; State v.Adams (1980), 62 Ohio St.2d 151, 404 N.E. 144; State v. Longo (1982),4 Ohio App.3d 136, 446 N.E.2d 1145.
 {¶ 8} Herein, Thomas argues that bail, in the amount of $100,000, is excessive. Thomas has failed to address the factors as enumerated within Crim.R. 46(A), such as the seriousness of the charged offenses, family ties, financial resources, length of residence in the community, prior convictions, and risk of flight, which must be considered by the trial court when setting the amount of bail. Argument, that the amount of bail is simply excessive, without a demonstration of an abuse of discretion as based upon the facts in the underlying action, does not permit this court to second guess the judgment of the trial court in setting or increasing bail. It must also be noted that setting bail, in the amount of $100,000, cannot be considered an abuse of discretion in light of the fact that Thomas has been charged, in two separate indictments, with the extremely serious offenses of aggravated robbery, robbery, kidnapping, carrying a concealed weapon, and possessing criminal tools. Cf.Blackwood v. McFaul (1999), 134 Ohio App.3d 138, 730 N.E.2d 452; In reComplaint for Writ of Habeas Corpus of Hernandez (1998),126 Ohio App.3d 584, 710 N.E.2d 1187; Birner v. McFaul (Nov. 21, 2001), Cuyahoga App. No. 80408.
 {¶ 9} Based upon the procedural defects and the sparse argument contained within the petition for a writ of habeas corpus, we find that Thomas has failed to establish that relief in habeas corpus is warranted. Accordingly, we grant McFaul's *Page 7 
motion to dismiss. Costs to petitioner. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as mandated by Civ.R. 58(B).
Petition dismissed.
 CHRISTINE T. MCMONAGLE, J., and ANN DYKE, J., CONCURS. *Page 1