[Cite as *State v. Hammond*, **2013-Ohio-1580.**]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                        :

    Plaintiff-Appellee                              :          C.A. CASE NO.    25210

v.                                                   :          T.C. NO.    09CR3750/2
                                                         09CR3752/1
NICK V. HAMMOND                                                                 11CR4079

    Defendant                                       :          (Criminal appeal from
                                      :          Common Pleas Court)
and                                                  :

JOHN CRAVEN GENERAL AGENCY, INC.
dba AA-CRAVEN BAIL BONDS                             :

    Third-Party Appellant                           :

                                                     :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    19th    day of    April   , 2013.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ARGERI A. LAGOS, Atty. Reg. No. 0086403, One S. Limestone Street, Suite 1000, Springfield, Ohio 45502
        Attorney for Third-Party Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  John Craven General Agency, Inc., dba AA-Craven Bail Bonds ("Craven Bail Bonds"), appeals from a judgment of the Montgomery County Court of Common Pleas, which granted its Motions to Release, Discharge, and Exonerate Surety in three cases involving defendant Nick V. Hammond, but, in releasing the bonds, forfeited the total amount of court costs owed in those cases.  For the reasons that follow, the judgment of the trial court will be reversed, and the matter will be remanded for calculation of the amount of court costs in each case that is attributable to Hammond's failure to appear.

{¶ 2}  In 2010, Hammond pled guilty to one count of receiving stolen property in each of two separate cases (Montgomery C.P. Nos. 2009-CR-3750 and 2009-CR-3752); in each case, he was placed on community control for up to five years.  In 2011, while he was on community control, Hammond was indicted for receiving stolen property and possessing criminal tools in Montgomery C.P. No. 2011-CR 4079.  In response to his arrest, the court scheduled community control revocation hearings in Case Nos. 2009-CR-3750  and 2009-CR-3752.  On December 16, 2011, the trial court set bonds in all three cases: $5,000 in each of the first two cases, and $10,000 in Case No. 2011-CR-4079.  Craven Bail Bonds posted all three bonds.

{¶ 3}  On March 6, 2012, Hammond failed to appear for a court date; the next day, the court issued a capias.  Hammond was arrested on March 8, 2012.   The court adjudicated Hammond's previous bonds forfeited in all three cases, set a forfeiture hearing for April 17, 2012, and set a new surety bond of "$30,000 blanket" for the three cases.

{¶ 4}  On March 30, 2012, Craven Bail Bonds filed a Motion to Release,

Discharge, and Exonerate Surety for the three bonds it had posted, on the basis that Hammond was incarcerated.

{¶ 5} On April 17, 2012, the court conducted a forfeiture hearing; at the hearing, the State acknowledged that Hammond had been quickly apprehended after the issuance of the capias and that the bonds should be remitted to Craven Bail Bonds "minus any costs incurred by the court, the clerk's office or the State in the interim of the defendant's failure to appear and the date upon which the warrant was served on March 8th." The attorney for Craven Bail Bonds indicated that the resolution proposed by the State would be "satisfactory," "if we're talking about a day." The prosecutor confirmed, at the hearing, that the time period at issue was "from the defendant's failure to appear to the time period that the warrant was served."

{¶ 6} On April 25, 2012, the trial court granted Craven Bail Bonds' motion, ordering "that bail be released minus court costs incurred as of March 8, 2012." The order further stated that the clerk of courts would determine "the amount of court costs, per case, that need to be satisfied." Costs were thereafter assessed in the following amounts: $399 in Case No. 2009-CR-3750, $478 in Case No. 2009-CR-3752, and $273 in Case No. 2011-CR-4079 (totaling $1,150). The parties agree that these amounts represent the entire amount of court costs in each case, not an amount reflecting the period between Hammond's failure to appear and the date he was arrested.

{¶ 7} Craven Bail Bonds raises one assignment of error on appeal, which challenges the court's forfeiture of an amount covering the entire court costs in each case.

{¶ 8} R.C. 2937.40(B) provides:

When cash or securities have been deposited as bail by a person other than the accused and the bail is discharged and released pursuant to division (A) of this section, or when property has been pledged by a surety on recognizance and the surety on recognizance has been released pursuant to division (A) of this section, the court shall not deduct any amount from the cash or securities or declare forfeited and levy or execute against pledged property. *The court shall not apply any of the deposited cash or securities toward, or declare forfeited and levy or execute against property pledged for a recognizance for, the satisfaction of any penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea, except upon express approval of the person who deposited the cash or securities or the surety.*

(Emphasis added.) *See also State ex rel. Baker v. Troutman*, 50 Ohio St.3d 270, 272, 553 N.E.2d 1053 (1990) ("[T]he purpose of bail is to ensure the appearance of the defendant at all stages of the criminal proceedings and * * * conditions that do not relate to appearance are necessarily excessive."); *State v. Harshman*, 156 Ohio App.3d 452, 2004-Ohio-1202, 806 N.E.2d 598 (3d Dist.) (holding that, without explanation or justification as to how fees, costs, and/or restitution are related to ensuring a defendant's appearance, such conditions on payment of bail violate Section 9, Article I, of the Ohio Constitution).

{¶ 9} The State concedes that, on the authority of R.C. 2937.40(B), the trial court was not permitted to satisfy court costs against funds pledged by a surety (Craven Bail Bonds) without its consent, and that Craven Bail Bonds consented only to the payment of costs incurred between Hammond's failure to appear and his arrest shortly thereafter. The

statute and the record support these conclusions. Thus, the trial court erred in withholding the entire amount of court costs in each case. Only the costs attributable to Hammond's failure to appear could be charged to the surety in this case.

{¶ 10} Craven Bail Bond's assignment of error is sustained.

{¶ 11} On this record, it is impossible to determine the amount of court costs attributable to the window of time between, or attributable to, Hammond's failure to appear and his arrest. The trial court ordered the clerk to withhold "court costs incurred as of March 8, 2012," rather than instructing the clerk to calculate the costs specifically related to Hammond's failure to appear; by agreement of the parties, these costs did not extend beyond the date of Hammond's arrest. Therefore, we will reverse the trial court's judgment and remand this matter for the trial court to properly determine the amount to be withheld or to provide more specific instructions to the clerk for performing such a calculation.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Argeri A. Lagos
Hon. Frances E. McGee