**BAYER, Plaintiff-Appellee, v. BECKER, d. b. a.**
**Atlas Welding & Cutting Company, et. Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6438.   Decided January 8, 1945.

Messrs. Bates, Skirvin & Varnau, Cincinnati, for plaintiff-appellee.

Fred L. Hoffman, Cincinnati, for defendant-appellant.

Nathan Solinger, Cincinnati, for defendant-appellee.

## OPINION

By HILDEBRANT, J.

Twenty-one jurors, comprising the list for the term, appeared in the Municipal Court of Cincinnati on May 18, 1944, in response to an order to do so to serve in this specified case alone.

An entry of dismissal at defendant's costs was presented to the Clerk on May 17, 1944, who informed defendant's attorney the fees of six jurors would be included as costs. The entry of dismissal was signed by the Judge on May 18, 1944, and no jurors were impanelled or sworn, nor was there any way to determine the individuals whose jury fees were taxed as part of the costs. Motion to retax the costs was overruled and appeal from the order including the fees as costs is here on questions of law.

Decision of this case requires construction of §1558-16 GC, which reads as follows:

"In all criminal and civil actions and proceedings in the municipal court each juror shall receive a fee of three dollars for each day of actual service which fee shall be taxed as part of the costs. When a jury is demanded in a civil action or proceeding, the party making such demand must make an advance deposit of twelve dollars for a jury of six and twenty-four dollars for a jury of twelve."

Specifically, the question here is what do the words "actual service" include, import, or mean. Is it enough that a juror report for jury service, at the specified time and place without ever actually being pressed into service by being impanelled and sworn? This Court thinks not.

Prior to August 20, 1943, the effective date of §1558-16 GC, quoted above, the section read as follows:

"In all civil actions and proceedings in the Municipal court the cost of summoning jurors and the fees of jurors shall be taxed as part of the costs, and such costs must be secured in advance by the party demanding the jury; and each juror shall receive two ($2.00) dollars for each day of actual service."

The impression received from the change in language is that the legislature intended to clarify the section so as to make it plain that jurors were to be paid only when they actually served in that capacity, in which event their fees were to be taxed as costs. A mere reporting for duty would not then seem to amount to actual service, for which the statute fixes a fee, but would seem to be a duty of citizenship owed to the public and to each other correlative to the many benefits received by reason thereof.

Further strengthening this view by analogy in criminal cases, it is provided in §13,451-18 GC, as follows:

"In all sentences in criminal cases, including violations of ordinances, the judge or magistrate shall include therein, and render a judgment against the defendant for the costs of prosecution, and if a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which when collected, shall be paid to the public treasury from which the jurors were paid."

Only if the jury be sworn are the fees included in the costs.

The court, therefore, finds that no jury having been impanelled and sworn, hence no jurors having been put to actual service, it was error to tax the fees of six jurors as part of the costs and the judgment as to costs will be modified accordingly.

ROSS, P. J., HILDEBRANT & MATTHEWS, JJ., concur in syllabus & opinion.