By the Court.
 

 The question presented is one entirely of statutory construction. The Youngstown Municipal Court Act, Section 1579-127
 
 et seq.,
 
 General Code, creates and regulates the operation of the Municipal Court of Youngstown. By its provisions the proceeding of choosing and summoning of jurors is authorized to be done in accordance with the rules to be adopted by the Municipal Court. Pursuant to rules so adopted, names of prospective jurors theretofore placed in a jury wheel are drawn at any time or for any case as ordered by the court, there being no specification or limitation as to the number.
 

 It is specifically provided by Section 1579-144, General Code, that the fees of such jurors shall be paid out of the treasury of the city of Youngstown. However,
 
 *283
 
 it is provided in Section 1579-143, General Code, that “In all civil actions and proceedings the cost of summoning jurors and the fees of jurors shall be taxed as part of the costs.”
 

 These provisions are
 
 in pari materia
 
 and of course must be construed together and given effect in accordance with the plain language employed. It becomes clear, therefore, that such fees, as well as the costs of summoning jurors, are to be paid out of the city treasury and reimbursement is to be made upon the collection thereof from the party to the suit against whom they are assessed. There is no conflict in these provisions.
 

 As above noted, there is no specification by law or rule as to the number of jurors to be called in any case; that, for obvious reasons, being left to the discretion of the court. The jury in civil actions is composed of six “unless the parties agree on a less number.” All causes in the Municipal Court are tried by the judge unless a timely demand for a jury is made by either party. The validity of such provision, as well as that authorizing the cost of summoning jurors and the fees of jurors to be taxed as part of the costs, has long been settled in this state.
 
 Miller, Recr.,
 
 v.
 
 Eagle,
 
 96 Ohio St., 106, 117 N. E., 23.
 

 We find no conflict between the statutory provisions above referred to and those of Section 1579-170, General Code. The provisions of that section, which is also a part of the Youngstown Municipal Court Act, are general and deal with the entire matter of fees and costs, and the manner of taxing same as “provided by law for actions heard and determined in a Court of Common Pleas.”
 

 The provisions of the prior sections of the act which relate to. costs for jury service are specific and therefore constitute an exception to the broad and general provisions of Section 1579-170, General Code.
 

 
 *284
 
 The only question remaining is whether fees may be taxed for the jurors who are called and report for duty, or for only those who actually serve as members of the jury in the trial of the case.
 

 Throughout the provisions of the statute constituting'the Youngstown Municipal Court Act, all who are brought into court to serve as jurors pursuant to summons are designated “jurors.” It is made the duty of the trial judge “to cause to be interrogated all jurors summoned for service.” There is no word of distinction anywhere in the act between those who actually serve in the trial of the case and those who are excused after being brought into court and interrogated as to their qualifications to serve.
 

 We are in entire accord, not only with conclusions of the Court of Appeals, but with the reasons assigned therefor and also its observation that if it appears that undue hardship is caused a litigant by the law as enacted, appeal should be made for amendment or repeal thereof by the legislative branch of the government. That is not a judicial function.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Turner and Matthias, JJ., concur.
 

 Bell and Hart, JJ., dissent.