The STATE of Ohio, Appellee,

v.

GALBREATH, Appellant.

[Cite as *State v. Galbreath* (2000), 138 Ohio App.3d 559.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–99–069.

Decided Aug. 4, 2000.

*Mark E. Mulligan,* Ottawa County Prosecuting Attorney, and *Kelly Roberts,* Assistant Prosecuting Attorney, for appellee.

*Terrence R. Rudes,* for appellant.

---

KNEPPER, Presiding Judge.

This is an appeal from a judgment of the Ottawa County Municipal Court in which the trial court ordered that appellant pay jury costs. For the reasons that follow, this court reverses the judgment of the trial court.

Appellant sets forth the following assignments of error:

"I. The court unlawfully assessed jury costs against the defendant.

"II. The court improperly forfeited the bail of the defendant."

The facts that are relevant to the issues raised on appeal are as follows. On March 25, 1998, appellant was charged with driving under the influence of alcohol and driving outside the marked lanes of travel. On March 26, 1998, appellant posted a $10,000 bond. Thereafter, appellant's case was assigned a contingency jury trial date of March 30, 1999, and a primary jury trial date of June 15, 1999. Local Rule 23(4) of the Ottawa County Municipal Court states that:

"Counsel and parties shall be prepared to try a case, on a contingency basis, should the primary trial on that date be cancelled prior to 4:00 p.m. on the next regular court date preceding its trial date. Should a primary trial be cancelled after 4:00 p.m. on the next regular date preceding its trial date the contingency trial shall not be required to go forward."

On March 29, 1999, at a time which is in dispute and not clear from the record, appellant's counsel received notice that the primary trial for March 30 had settled and that appellant's trial was to proceed. Appellant's counsel asserts that he received this notice at 4:20 p.m., at which time he contacted the court and advised a staff member that appellant lived in Illinois and at 4:00 that day had been advised that his trial would not proceed the following day. A jury was summoned to appear on March 30 but neither appellant nor his counsel appeared. The trial court issued a bench warrant and forfeited the bond.

At a hearing held on May 19, 1999, the trial court reinstated the bond and ordered appellant to pay the costs for the jury that was summoned on March 30. On August 31, 1999, a jury trial was held and appellant was found not guilty of the charge of driving while under the influence of alcohol. The trial court found appellant guilty of the marked lanes violation.

 Appellant asserts in his first assignment of error that the trial court erred by assessing jury costs when the jury was not sworn on March 30, 1999. Appellant cites R.C. 2947.23, which provides:

"In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors are paid."

 Ohio courts have held that a defendant incurs no jury costs unless and until the jury is sworn and begins to serve. *Bayer v. Becker* (1945), 75 Ohio App. 274, 31 O.O. 24, 61 N.E.2d 800; *State v. Alderton* (Oct. 4, 1991), Coshocton App. No. 91–CA–2, unreported, 1991 WL 242131. A thorough review of the record of proceedings in the trial court reveals no evidence that a jury was sworn and began to serve in this case on March 30, 1999. Accordingly, we find that the trial court erred by ordering appellant to pay the costs of the jury summoned on March 30, 1999, and appellant's first assignment of error is found well taken.

 In his second assignment of error, appellant asserts that the trial court erred by forfeiting his bail for the marked lanes violation after he failed to appear for the March 30, 1999 trial. The record in this case shows that appellant posted bond of $10,000 on May 26, 1998. The bond posting form contained in the record indicates that the bond was for the charge of violating R.C. 4511.19(A)(1). The next reference in the record to the bond is a notation that bond was forfeited on March 30, 1999, the contingency trial date. On May 19, 1999, a hearing was held on the issue of the bench warrant and bond. At that time, the trial court ordered that the bench warrant be vacated and that appellant's bond be continued. On September 2, 1999, the trial court sent a letter to the bail bondsman informing him that the surety bond was released effective August 31, 1999. There is no indication in the record of a separate bond being ordered, posted or vacated in connection with the citation for the marked lanes violation. This court is unable to find any reference in the record to more than one bond, which causes us to question appellant's claim that the trial court "forfeited one bond and not the other." The only bond referenced in the record clearly was released on August 31, 1999. Accordingly, we find that appellant's claim that the trial court improperly forfeited bond on the marked lanes violation is without merit, and appellant's second assignment of error is not well taken.

On consideration whereof, this court finds that appellant was prejudiced and the judgment of the Ottawa County Municipal Court ordering appellant to pay costs for the jury called in this case on March 30, 1998 is reversed and remanded

for further proceedings consistent with this decision. Costs of this appeal are assessed to appellee.

*Judgment reversed.*

RESNICK and PIETRYKOWSKI, JJ., concur.