OPINION
This is an accelerated calendar appeal taken from a final judgment of the Willoughby Municipal Court. Appellant, Dejan Sapina, challenges the assessment of court costs following his conviction for speeding.
The record shows that on May 7, 2000, appellant was charged with one count of reckless operation of a motor vehicle on public property and one count of failure to wear a seatbelt. Appellant entered a plea of not guilty to the charges, and retained an attorney to represent him.
The trial court conducted a plea hearing on July 20, 2000, at which time appellant attempted to enter a plea of no contest to an amended charge of speeding and to the single count of failure to wear a seatbelt. The trial court rejected appellant's no contest plea and set the case for a jury trial.
On July 27, 2000, a visiting court judge held a second plea hearing. During the proceedings, appellant agreed to plead no contest to the amended charge of speeding in return for the dismissal of the failure to wear a seatbelt charge. The visiting court judge accepted appellant's plea, found him guilty of speeding, and dismissed the remaining charge in accordance with the parties' agreement. Appellant was then sentenced to pay a $100 fine plus court costs totaling $304.[1]
Appellant subsequently filed a motion with the trial court to reduce and/or waive court costs. However, before the trial court could rule on appellant's motion, he filed a notice of appeal with this court.
As a result, the city filed a motion to remand the case so that the trial court could rule on appellant's motion. This court granted the city's motion, and in a judgment entry dated November 17, 2000, the trial court waived the $100 cost for the failure to waive jury trial no later than the final pretrial. On January 8, 2000, we once again remanded the matter so that the trial court could issue a final judgement specifying the ordinance or statutory provisions involved and the sentence imposed. The trial court complied with our request, and the case proceeded according to rule.[2]
In his first assignment of error, appellant argues that the trial court erred in assessing court costs for events that occurred after he initially attempted to plead no contest on July 20, 2000. Appellant maintains that the trial court acted unreasonably in refusing to accept his no contest plea, and that because he was ready to resolve the case earlier, he should not be responsible for any additional charges which, he believes, became necessary only after the trial court refused to accept his plea.
Under Crim.R. 11, a trial court has the discretion to either accept or reject a no contest plea. State v. Carter (1997), 124 Ohio App.3d 423,428. As a result, while appellant correctly notes that he has a statutory right to plead no contest, R.C. 2937.06, the trial court's decision to accept such a plea is discretionary in nature and will not be overturned absent an abuse of that discretion. Carter at 428. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
Having said that, we conclude that appellant has failed to show that the trial court abused its discretion in refusing to accept his no contest plea. Appellant seems to believe that the trial court was not impartial and acted arbitrarily because of a prior disagreement between his attorney and the trial court judge in another case. However, appellant has not provided this court with any substantive evidence to support his allegations. Simply because one judge rejected a particular plea and another judge accepted it, does not mean that the first judge acted unreasonably, arbitrarily, or unconscionably.
As for the court costs generated after the July 20, 2000 plea hearing, the trial court has already waived the $100 cost for failure to waive jury trial no later than the final pretrial. With respect to the other disputed charges, i.e., $20 for the jury demand, $10 for scheduling a jury trial, and $28 in motion and fax fees, they were all generated in the normal course of appellant's prosecution and were, therefore, appropriately charged to appellant following his conviction for speeding. Appellant's first assignment of error is not well-taken.[3]
In his second assignment of error, appellant argues that the trial court erred in assessing court costs on the failure to wear a seatbelt charge. Appellant maintains that absent an agreement, a court may not impose costs against a defendant when he has been acquitted of the charged offense or the prosecution dismisses it. We agree.
There is absolutely no authority for a court to assess costs against a criminal defendant who has not been sentenced following a conviction unless, as part of a plea bargain, the parties have agreed otherwise.Cuyahoga Falls v. Coup-Patterson (1997), 124 Ohio App.3d 716, 717. In fact, R.C. 2947.23 authorizes a trial court to assess the costs related to a prosecution only when a defendant has been found guilty and sentenced. State v. Posey (1999), 135 Ohio App.3d 751, 755.[4]
Here, the city agreed to dismiss the failure to wear a seatbelt charge in return for appellant pleading guilty to speeding. There is no evidence to suggest that, as part of this arrangement, appellant would be responsible for the costs associated with the dismissed charge. As a result, because appellant was never found guilty of failing to wear a seatbelt, he is not responsible for the $40 court costs assessed by the trial court. State v. Powers (1996), 117 Ohio App.3d 124, 128. Appellant's second assignment of error has merit.[5]
Based on the foregoing analysis, the judgment of the trial court is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.
JUDGE JUDITH A. CHRISTLEY, O'NEILL, P.J., NADER, J., concur.
[1] Court costs were assessed as follows: (1) $60 — basic court costs for speeding; (2) $40 — basic court costs for failure to wear a seatbelt (3) $100 — failure to waive jury trial no later than final pretrial; (4) $20 — jury demand; (5) $10 scheduling a jury trial; (6) $15 scheduling pretrials; (7) $40 motion fees; (8) $14 fax fees; and (9) $5 copy costs.
[2] Appellant's sentence was stayed pending the outcome of this appeal.
[3] In his appellate brief, appellant refers to R.C. 2947.23 in support of his first assignment of error. However, upon careful reading of this statute, and the cases that have interpreted and applied it, we conclude that R.C. 2947.23's prohibition on the imposition of jury costs unless and until the jury is sworn and begins to serve, only applies to those costs directly associated with service on a jury, such as juror fees and mileage. State v. Galbreath (2000), 138 Ohio App.3d 559.
[4] R.C. 2947.23 provides:
 "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid."
[5] Even if appellant had also pleaded guilty to the failure to wear a seatbelt charge, he still should not have been assessed with court costs for both offenses. See 1991 Ohio Atty.Gen.Ops. No. 91-039, at syllabus (holding that "[i]f an individual is charged with more than one misdemeanor arising from the same act or transaction or series of acts or transactions, and a municipal court * * * assigns a single case number with respect to the prosecution of these misdemeanors, while simultaneously distinguishing between each misdemeanor charged within that case number by attaching an additional identifier, each misdemeanor charged within that case number is not considered a `case' for purposes of assessing * * * court costs * * *.").