DECISION AND JUDGMENT ENTRY
Michael McWhorter, Jr. appeals from an order of the Ross County Municipal Court that assessed juror fees as costs against him. When McWhorter changed his plea to guilty at the last minute on the morning of the trial, the court imposed jurors' fees as part of the sentence. McWhorter argues that because the jury had not been sworn or empanelled, R.C. 2947.23 precludes the imposition of their fees as court costs. After reviewing the language of the statute, we are forced to agree.
 I.
In April 2001, the state charged McWhorter with a first degree misdemeanor form of Domestic Violence[1]. At his arraignment McWhorter pled not guilty; therefore, the court set the case for trial. However, on the morning of trial, but before the court empanelled and swore the jury, McWhorter changed his plea to guilty. The court accepted the guilty plea and proceeded to sentencing.
The court sentenced McWhorter to ninety days in jail and imposed a $100 fine, court costs, and juror fees. But, the court suspended eighty-seven days of the sentence with credit for three days time served. After defense counsel immediately objected to the imposition of juror fees, the court heard brief arguments by counsel. Nevertheless, the court imposed juror fees against McWhorter as part of his sentence.
II. ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY ORDERING MR. MCWHORTER TO PAY THE COSTS OF THE PANEL OF PROSPECTIVE JURORS SUMMONED ON JULY 3, 2001 TO THE CHILLICOTHE MUNICIPAL COURT WHEN NONE OF THE PANEL WAS SWORN.
In his only assignment of error, McWhorter argues that the trial court abused its discretion by imposing juror fees as part of his sentence. He specifically argues that the jury must be sworn before juror fees can be properly imposed. The State argues that the trial court has the inherent power to assess costs associated with a trial because the legislature has not spoken directly to this issue. The State's arguments are not compelling.
As a general rule, trial courts enjoy broad discretion when imposing sentences in misdemeanor cases. State v. Polick (1995),101 Ohio App.3d 428, 430-31, 655 N.E.2d 820, 821-22; State v. Steers
(Feb. 20, 1997), Washington App. No. 96CA12, unreported. A trial court does not abuse that discretion as long as the sentence imposed is within the limits prescribed by law and the record reveals that the trial court considered the statutory criteria. Toledo v. Reasonover (1965),5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179, paragraph one of the syllabus. State v. Polick, 101 Ohio App.3d at 431, 655 N.E.2d at 821-22.
Here, McWhorter pled guilty to a first degree misdemeanor, which is punishable by a jail sentence of no more than six months and a fine of no more than $1000. R.C. 2929.21(B)(1) and 2929.21(C)(1). In addition, R.C.2947.23 provides that:
 In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid. (Emphasis Added).
The State argues that common sense requires us to affirm the trial court's decision because the statute does not speak directly to the issue before us. But, we are convinced that R.C. 2947.23 speaks clearly and unambiguously to this issue. The cardinal rule of statutory construction provides that courts cannot ignore the plain and unambiguous language of a statute under the guise of statutory interpretation. In other words, courts may not delete words that the legislature has included or insert words they have not used. Cline v. Ohio Bur. Of Motor Vehicles (1991),61 Ohio St.3d 93, 97, 573 N.E.2d 77, 80. Therefore, it is common sense and indeed our duty to follow the dictates of the statute. R.C. 2947.23
states that the costs of prosecution (court costs) should be included in the sentence for those convicted of criminal offenses. But, the language used by the General Assembly limits these costs to include juror fees only after the court empanelled and swore the jury. Our understanding of this language is not novel. In fact, the Ohio Attorney General opined "where the defendant pleads `guilty' before the jury is impanelled [sic], Section 2947.23, * * * is particularly clear in requiring that the jury be sworn before their fees can be included in the `costs of prosecution.'" 1969 Ohio Atty.Gen.Ops. No. 69-058, at 2-129. In Bayer v.Becker (1945), 75 Ohio App. 274, 31 O.O. 24, 61 N.E.2d 800. Id. At 276. The First District was the first Ohio appellate court to address this issue. There, the court stated "[o]nly if the jury be sworn are the fees included in the costs." Other Ohio appellate courts, considering this issue, have agreed with the reasoning in Bayer. See State v. Powers
(1996), 117 Ohio App.3d 124, 690 N.E.2d 32; State v. Galbreath (2000),138 Ohio App.3d 559, 741 N.E.2d 936.
More recently, the Fifth District relied on Bayer when it decided Statev. Alderton (Oct. 4, 1991), Coshocton App. No. 91-CA-2, unreported, a case with facts similar to ours. In Alderton, the defendant waived his right to a jury on the morning set for trial, opting instead for a bench trial. After finding the defendant guilty, the court assessed him the costs associated with summoning prospective jurors for service. Because the court never empanelled or swore the jury, the Fifth District held that the trial court erred in including these costs as court costs. Id.
Interestingly, we have already applied the reasoning from Bayer to a finding of guilty as a result of a no contest plea. See State v.Albright (July 24, 1985), Pickaway App. No. 84CA8, unreported. There, the defendant initially entered a not guilty plea and requested a jury trial. The court set the case for trial twice but continued it both times. On the date finally set for trial, the defendant changed her plea to no contest and the court found her guilty. At sentencing, the trial court imposed court costs including juror fees. Because the court never empanelled or swore the jury, we reversed the imposition of juror fees against the defendant. Id. We see no reason to reject that reasoning now.
However, the State argues that Parma v. Ponsford (Nov. 8, 1990), Cuyahoga App. No. 59511, unreported, should control our determination. We disagree. The facts in Ponsford are starkly different from our facts. InPonsford, the State tried the defendant to a jury on one count of operating a motor vehicle while under the influence of alcohol (OMVI) and one count of speeding. Since speeding is a minor misdemeanor, there is noright to trial by jury, however, all parties agreed to let the jury determine both counts. The jury acquitted the defendant of OMVI but convicted him of speeding. At sentencing, the trial court included juror fees in the court costs imposed against the defendant. On appeal, the defendant argued that imposing juror fees against him was error because he had no right to a jury trial for speeding. The defendant reasoned that imposing juror fees against him was improper since he was acquitted of OMVI, the count for which he had the right to a jury trial. The Eighth District reasoned that since the defendant acquiesced in the trial by jury for the speeding charge, he had no right to complain on appeal essentially because he disliked the jury's decision. It is clear to us that Ponsford involves an entirely different issue than we are facing here. In Ponsford, the court empanelled and swore a jury. That is not the case here.
One might argue that the Ohio Supreme Court addressed this issue inCity Loan Savings Co. v. Buckley (1945), 145 Ohio St. 281, 30 O.O. 489, 61 N.E.2d 316. However, in Buckley, the Court interpreted a Youngstown Municipal Code Section that assessed juror fees. But the question before the Court at that time was whether juror fees included only those jurors sworn and empanelled or all potential jurors who were called and reported. The Court held that fees for all of the jurors who reported for duty could be assessed against the losing party. Clearly, the Supreme Court did not address our specific issue because a jury was seated and it determined the issues in Buckley. In our case, the court did not empanel or swear the jury.
Imposing juror fees in this case was an abuse of discretion. The appellant's assignment of error is sustained.
 III.
In summary, because McWhorter pled guilty before the court swore or empanelled the jury, the trial court erred in imposing juror fees against him. The trial court can not impose juror fees simply because jurors were summoned for potential service. In all other respects, the trial court's sentence was appropriate. This case is remanded for a new determination of court costs.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion.
[1] The offense of Domestic Violence is codified in R.C. 2917.25 and provides in part:
 (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 (B) No person shall recklessly cause serious physical harm to a family or household member.
* * *
 (D) Whoever violates this section is guilty of domestic violence. * * * a violation of division (A) or (B) of this section is a misdemeanor of the first degree.