The STATE of Ohio, Appellee,

v.

HARSHMAN, Appellant. (Three Cases).

[Cite as *State v. Harshman*, 156 Ohio App.3d 452, 2004-Ohio-1202.]

Court of Appeals of Ohio,
Third District, Seneca County.

Nos. 13–03–71, 13–03–72 and 13–03–73.

Decided March 15, 2004.

Ken Egbert Jr., Seneca County Prosecuting Attorney, for appellee.

Rebecca J. Herner, for appellant.

SHAW, Presiding Judge.

{¶ 1} The appellant, Donald L. Harshman, appeals from three judgments of the Common Pleas Court of Seneca County, Ohio, entered on October 20, 2003, and sentencing him to a 12-month term of incarceration for complicity to burglary, as well as revoking an earlier-imposed term of probation for his previous convictions for possession of cocaine and trafficking in cocaine.

{¶ 2} In April 2000, Harshman was indicted by the Seneca County Grand Jury for possession of cocaine, case No. 10091 (later renumbered 00–CR–0112). Later that same year, Harshman was indicted in a different case on two counts of trafficking in cocaine, case No. 10261 (later renumbered 00–CR–0287). On February 21, 2001, Harshman changed his pleas in both cases from ones of not guilty to those of guilty in exchange for the prosecutor's recommendation that, inter alia, he be placed on community control sanctions for three years on all the charges. The trial court accepted these pleas and sentenced Harshman to three years of community control sanctions.

{¶ 3} Throughout the next two years, Harshman's probation officer repeatedly reported various violations by Harshman of his community control sanctions, which eventually led to the imposition of a prison sentence in December 2001. However, Harshman received judicial release after a few months in prison. Shortly thereafter, his probation officer reported another violation of the conditions of Harshman's judicial release. This matter was continued numerous times and then eventually continued for an extended period of time pending the resolution of a third indictment against Harshman. This indictment, filed in January 2003, was assigned case No. 03–CR–0013 and contained one count against Harshman, alleging that he had committed complicity to burglary.

{¶ 4} On October 20, 2003, Harshman entered a plea of guilty to one count of complicity to burglary and further admitted to violating the terms of his

community control sanctions. The court then found him guilty of complicity to burglary and determined that he had violated the terms of his community control sanctions for his two prior convictions. In sentencing him for the complicity charge, the trial court ordered that he be incarcerated for 12 months and that he pay restitution in the amount of $2,625, as well as all costs of prosecution and any fees permitted by R.C. 2929.18(A)(4). The trial court also sentenced Harshman for violating the terms of his community control sanctions in his two previous cases. These terms were ordered to be served consecutively to each other but concurrently with the sentence on the complicity charge with credit for time previously served on the drug charges, for an aggregate total of 12 months less current jail-time credit. In addition, the court ordered him to pay all costs of prosecution for the probation violations and any statutory fees.

{¶ 5} In all three cases, the trial court ordered the clerk of courts to release any bond money posted in these cases less any statutory fees and court costs. However, on October 23, 2003, the trial court, sua sponte, issued an order directing the clerk of courts to apply all bond money posted in these cases, totaling $3,000, to satisfy the amount of restitution ordered, as well as the total court costs. This appeal followed, and Harshman now asserts five assignments of error:

"The trial court erred by imposing costs.

"The trial court erred by imposing jury fees.

"The trial court erred by ordering costs and restitution be paid from bail monies posted.

"The trial court erred by taking bail money from one case and applying it to costs and restitution from another case.

"The defendant's right to bail guaranteed under Article I, Section 9 of the Ohio Constitution was violated by the trial court's requirement of a recognizance form conditioning the right to bail on an accused's or surety's consent to forfeit the bail for court costs, clerk fees, fines and restitution."

*First Assignment of Error*

{¶ 6} Harshman first asserts that the trial court erred by requiring him to pay the costs of the prosecution of these cases. Specifically, Harshman maintains that he was indigent and that although R.C. 2947.23 requires a court to assess court costs to a criminal defendant in its sentence, R.C. 2949.14 prohibits the collection of costs from an indigent defendant. Thus, Harshman contends that this prohibits a court from ordering an indigent defendant to pay costs. We disagree.

■ {¶ 7} The Revised Code states: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." R.C. 2947.23. The code further provides:

"Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution * * *. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted." R.C. 2949.14.

{¶ 8} In support of this assignment of error, Harshman relies on cases from two other courts of appeals, the Fourth and the Eleventh Districts, wherein those courts determined that costs could not be assessed to an indigent defendant pursuant to R.C. 2949.14. See *State v. Clark*, 4th Dist. No. 02–CA12, 2002-Ohio-6684, 2002 WL 31742999; *State v. Heil* (Mar. 30, 2001), 11th Dist. No. 2000–G–2268, 2001 WL 314692, vacated on other grounds, 95 Ohio St.3d 531, 2002-Ohio-2841, 769 N.E.2d 852. However, Harshman also notes that the Second and Fifth District Courts of Appeals have held to the contrary. See *State v. Engle* (Mar. 19, 1999), 2d Dist. No. 98–CA–125, 1999 WL 147920; *State v. White*, 5th Dist. No. 02CA23, 2003-Ohio-2289, 2003 WL 21025839. In addition, he notes that this conflict is currently pending before the Ohio Supreme Court, which certified the following question: "Pursuant to R.C. 2949.14 and R.C. 2947.23, may a trial court assess court costs against an indigent defendant convicted of a felony, as part of the sentence?" *State v. White*, 100 Ohio St.3d 1406, 2003-Ohio-4948, 796 N.E.2d 534.

■ {¶ 9} This court has previously held that nothing in the plain language of R.C. 2947.23 prohibits a trial court from assessing costs to an indigent defendant. *State v. Burns* (Mar. 15, 1999), Marion App. No. 9–98–21, 1999 WL 180780, 1999 WL 180780. To the contrary, the language of that statute *requires* a court to render a judgment against a defendant for the costs of prosecution in its sentencing of the defendant and is devoid of any sort of limiting language regarding indigent defendants. R.C. 2947.23. The cost bill provision of R.C. 2949.14 does not alter the requirement that a court assess costs to a convicted defendant. As noted by the Fifth District Court of Appeals, "[t]he statute [R.C. 2949.14] is directed at the ability of the clerk of courts to *collect* the costs from the person convicted." (Emphasis added.) *White*, supra. Thus, it "provides a collection mechanism only for non-indigent defendants[.]" Id. Therefore, the trial court did not err in assessing the costs of these prosecutions to Harshman, and the first assignment of error is overruled.

*Second Assignment of Error*

{¶ 10} In his second assignment of error, Harshman contends that the trial court erred in requiring him to pay the jury fees incurred in this action. Notably, the appellee, the state of Ohio, agrees with Harshman. Upon review of this issue, we, likewise, agree.

{¶ 11} The Revised Code requires a trial court to include in its sentence the fees of the jurors as costs, which are assessed to the defendant. R.C. 2947.23. However, the inclusion of juror fees is required only "[i]f a jury has been sworn at the trial of a case[.]" R.C. 2947.23. Ohio courts, including this one, have held that "a defendant incurs no jury costs unless and until the jury is sworn and begins to serve." *State v. Galbreath* (2000), 138 Ohio App.3d 559, 561, 741 N.E.2d 936, citing *Bayer v. Becker* (1945), 75 Ohio App. 274, 31 O.O. 24, 61 N.E.2d 800; *State v. Alderton* (Oct. 4, 1991), 5th Dist. No. 91–CA–2, 1991 WL 242131; see, also, *Findlay v. Smith* (Jan. 24, 1975), 3rd Dist. No. 5–74–28.

{¶ 12} In the case sub judice, the record reveals that Harshman pled on the day of the trial, and a thorough review of the record, including the representations of the state in its brief to this court, reveals no evidence that a jury was sworn and began to serve. However, the cost bill for the complicity charge included a charge of $360 for juror fees, which was assessed to Harshman. We conclude that the trial court erred in including juror fees in its assessment of costs to Harshman, and the second assignment of error is sustained.

*Third Assignment of Error*

{¶ 13} In his third assignment of error, Harshman asserts that the trial court erred in applying the monies he and his mother posted as bond towards the amount he owed for restitution and costs. Specifically, Harshman contends that the trial court erred in ordering that the money for bail posted by his mother be retained in order to pay the amount he owed for restitution and costs because the consent form she signed contained a constitutionally prohibited requirement. Further, he maintains that he was indigent, and, therefore, R.C. 2937.40 prohibits a court from applying bail money posted by him to his restitution and costs.

{¶ 14} The Revised Code requires a court to discharge and release any type of bail that is deposited by a person other than the accused once, inter alia, the accused has appeared in accordance with terms of the recognizance or deposit and the entry of judgment by the court or magistrate. R.C. 2937.40(A)(2). This section further provides:

"When cash or securities have been deposited as bail by a person *other than the accused* and the bail is discharged and released pursuant to division (A) of this section, * * * the court shall not deduct any amount from the cash or

securities * * *. The court shall not apply any of the deposited cash or securities toward * * * the satisfaction of any penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea, *except upon express approval of the person who deposited the cash or securities or the surety.*" (Emphasis added.) R.C. 2937.40(B).

{¶ 15} In the case sub judice, Harshman's mother, Joellen Bright, deposited bail for him in case Nos. 00–CR–0112 and 00–CR–0287, and neither party disputes that he appeared before the court as ordered. In its sentencing entries in these two cases, the trial court ordered the release of any bond money posted in these cases. Thus, this money should have been discharged and released without any deductions. However, the court ordered that this money be released less costs and any applicable statutory fees. In addition, the court later ordered that the bond monies be applied to the restitution owed by Harshman. The state of Ohio now maintains that Bright consented to the application of this money towards the satisfaction of her son's restitution and costs of prosecution, as permitted by R.C. 2937.40(B), when she posted bail.

{¶ 16} Seneca County Local Rule 25.06 states: "The Court shall require an Acknowledgment and Agreement to be signed by a Defendant or Depositor for any posted Bond. **Court Form 3.**" Court Form 3, entitled *"ACKNOWLEDG-MENT AND AGREEMENT,"* was signed by Joellen Bright in both of the cases for which she posted bond. Included in this form were the following provisions:

"Money posted for bonds is deposited in the name of the Defendant and for the use and benefit of the Defendant only.

"Unless the case is dismissed with costs to the complainant, the State of Ohio, all Court costs, Clerk's fees, fines and restitution WILL BE DEDUCTED from the bond monies posted.

"The Court may order court costs, Clerk's fees, fines and restitution for any other criminal cases involving the defendant from the money deposited in this case.

"* * *

"I understand and acknowledge the above terms."

{¶ 17} Based on these provisions, the state contends that Bright consented to the money she deposited being applied to restitution and costs assessed upon her son's conviction. We disagree. The Ohio Supreme Court has held that "[b]ail ensures appearance. Therefore, the conditions placed on it must relate to appearance and the reasons for forfeiture to nonappearance." *State ex rel. Baker v. Troutman* (1990), 50 Ohio St.3d 270, 272, 553 N.E.2d 1053. In *Troutman,* the recognizance form contained a consent provision similar to the one at issue in the present case. That provision stated that the person signing the form and

depositing cash or securities was "expressly agreeing that the fines and cost" would be paid from the deposit. Id., 50 Ohio St.3d at 270–271, 553 N.E.2d 1053. However, the deposit would be used only if the defendant failed to otherwise satisfy the monies owed. Id. The court found that this was violative of Section 9, Article I of the Ohio Constitution because "it provided implicitly for forfeiture upon conviction even though the obligation to appear was fully satisfied[,]" which "placed limiting conditions on bail that were unrelated to appearance of the accused." Id., 50 Ohio St.3d at 272, 553 N.E.2d 1053. In addition, when examining R.C. 2937.40(B), specifically, the court determined that "[i]t does not follow that because a statute prohibits use of cash or security deposits to pay fines and costs except with consent, a court may then *require* 'consent' before permitting such deposits." Id., 50 Ohio St.3d at 273, 553 N.E.2d 1053.

{¶ 18} Although the facts in *Troutman* differ from those in the present case in that *Troutman* involved an incarcerated defendant and a bonding company that would not post bond because of the conditions of the recognizance form, we find the holding to be applicable to the facts of this case. Namely, implicit in the reasoning of *Troutman* is the principle that requiring a person depositing bail to "consent" to the use of the posted monies towards fees, costs, and/or restitution before permitting such deposits does not truly constitute consent on the part of the depositor. See id. Furthermore, without explanation or justification as to how this is related to ensuring appearance, such conditions are not constitutionally permissible pursuant to Section 9, Article I, Ohio Constitution. Therefore, pursuant to *Troutman*, we hold that Bright did not voluntarily consent to the use of the posted bail for restitution and costs owed by Harshman. Accordingly, the trial court erred in applying the money deposited by her towards Harshman's restitution and fees.

{¶ 19} Harshman also maintains that the court erred in applying the bail he posted to his restitution and costs. The Revised Code provides:

"Bail of any type that is deposited under sections 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 *by an accused* shall be discharged and released to the accused, * * * upon the appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate, except that, if the defendant is *not indigent,* the court may apply deposited bail toward the satisfaction of a penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea[.]" (Emphasis added.) R.C. 2937.40(C).

{¶ 20} Here, the trial court found Harshman to be indigent in all three cases. Shortly thereafter, Harshman deposited his own bail in case No. 00–CR–0013. Due to his indigency status, R.C. 2937.40(C) did not permit the trial court to apply Harshman's deposited bail toward the satisfaction of the restitution he

owed and/or the costs assessed against him. Nevertheless, the state maintains that Harshman consented to the use of the bail that he deposited to pay his restitution and costs when he signed Court Form 3. Further, the state contends that while R.C. 2937.40(C) does not expressly provide that a defendant may consent to this as Division (B) permits one other than the accused to consent to such use, it also does not prohibit it. However, given our discussion of consent and the voluntariness thereof as to Harshman's mother, we find this contention to be without merit as well. Accordingly, the third assignment of error is sustained.

### Fourth and Fifth Assignments of Error

{¶ 21} Harshman asserts in his fourth assignment of error that the trial court erred in collectively applying the amount of bail deposited in his three cases, totaling $3,000, to all the costs assessed in each case and to the restitution ordered in the complicity case. In addition, he asserts in his fifth assignment of error that his right to bail was violated because the trial court conditioned his bail upon the signing of Court Form 3, which included a provision for consent to apply the money posted to court costs, clerk fees, fines, and restitution. In light of our holding as to the third assignment of error, the fourth and fifth assignments of error are, likewise, sustained.

{¶ 22} In sum, for the foregoing reasons, the first assignment of error is overruled, and the second, third, fourth, and fifth assignments of error are sustained. Therefore, the judgment of the Common Pleas Court of Seneca County is affirmed in part, reversed in part, and the cause is remanded for further proceedings in accordance with law.

Judgment affirmed in part,
reversed in part
and cause remanded.

CUPP and THOMAS F. BRYANT, JJ., concur.