The STATE of Ohio, Appellee.

v.

HAYNIE, Appellant.

[Cite as *State v. Haynie,* 157 Ohio App.3d 708, 2004-Ohio-2452.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–03–52.

Decided May 17, 2004.

David H. Bodiker, State Public Defender and Stephen P. Hardwick, Assistant Public Defender, for appellant.

Jim Slagle, Marion County Prosecuting Attorney, for appellee.

THOMAS F. Bryant, Judge.

{¶ 1} Appellant, Glen W. Haynie, appeals from the August 1, 2003 judgment entry of sentencing of the Common Pleas Court of Marion County.

{¶ 2} On October 4, 2002, at approximately 6:45 a.m., Haynie entered the Marion County Homeless Shelter located at 635 E. Fairground Street in Marion, Ohio, armed with two knives. Haynie forced his way into the office of his former girlfriend, Sue Chatlain. Haynie held Sue Chatlain as a hostage in the office with a knife to her neck and the door barricaded with furniture, and he repeatedly threatened to kill her. Residents of the shelter called 9-1-1, and officers arrived and attempted to communicate with Haynie through the barricaded door. Officers proceeded to kick in the office door and wrestle Haynie away from Sue Chatlain.

{¶ 3} Haynie was indicted on October 10, 2002, on one count of kidnapping, in violation of R.C. 2905.01(B)(2), a felony of the first degree, and one count of aggravated burglary, in violation of R.C. 2911.11(A)(2), a felony of the first degree. The indictment further specified that Haynie was a repeat offender pursuant to R.C. 2929.14(D)(2) and 2941.149. At the time Haynie committed the offenses in counts I and II of the indictment, he had a prior conviction for

aggravated robbery, in violation of R.C. 2911.01, in the Common Pleas Court of Marion County case No. 86–CR–127. Haynie had been released on parole for that offense eight months prior to his committing the offense in the instant action.

{¶ 4} On October 31, 2002, Haynie filed a motion for permission to enter a plea of not guilty by reason of insanity, which was granted by the trial court on November 1, 2002. Haynie then entered his plea of not guilty by reason of insanity on November 4, 2002. A jury trial was set to begin on August 5, 2003, but was rescheduled to July 30, 2003, upon motion of Haynie. Haynie then withdrew his plea of not guilty by reason of insanity on July 24, 2003. Haynie entered a plea of guilty to the charges of kidnapping and aggravated burglary on July 30, 2003. The trial court explained the ramifications of pleading guilty, which were outlined in the guilty-plea form signed by Haynie. Haynie was advised that a period of control or supervision by the Adult Parole Authority after release from prison was mandatory in the case. In addition, the guilty-plea form indicated that the maximum term of the postrelease-control period was five years.

{¶ 5} A dispositional hearing was held on July 31, 2003, in which the trial court sentenced Haynie to a term of eight years on count I (kidnapping) and a term of seven years on count II (aggravated burglary) to be served consecutively to each other and consecutively to any remaining term on Haynie's conviction in the Common Pleas Court of Marion County case No. 86–CR–127. Included in the trial court's judgment entry of sentencing, filed on August 1, 2003, but not mentioned during the trial court's oral decision of sentence given on July 31, 2003, was that Haynie was subject to a mandatory period of five years of postrelease control by the parole board. In addition, the trial court assessed court costs to Haynie. It is from this judgment entry of sentencing that Haynie now appeals, asserting the following two assignments of error:

{¶ 6} "When a trial court includes a punishment in the written sentencing judgment, but not in the sentence it imposes from the bench at the sentencing hearing, a court of appeals may remand the case and direct the trial court to conform the entry to the sentence imposed from the bench.

{¶ 7} "The trial court erred by imposing court costs."

{¶ 8} In his first assignment of error, Haynie argues that the trial court was without authority to add punishment to Haynie's sentence in its written journal entry of sentencing that was not included in the sentence given by the trial court from the bench. Haynie contends that this court should vacate the sanction of postrelease control in the judgment entry to make the sentence conform to that

which was imposed on Haynie in open court or, in the alternative, to remand the case to the trial court for resentencing.

{¶ 9} We may modify a sentence or vacate a sentence and remand the matter to the sentencing court for resentencing if we find by clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08(G)(2)(b).

{¶ 10} We begin by examining the language of R.C. 2967.28, which governs the imposition of postrelease control:

{¶ 11} "(B) Each sentence to a prison term for a felony of the first degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:

{¶ 12} "(1) For a felony of the first degree or for a felony sex offense, five years[.]" R.C. 2967.28(B).

{¶ 13} The statutory language indicates that the trial court has no discretion regarding the imposition of postrelease control. In addition, R.C. 2929.19(B)(3) requires:

"[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

{¶ 14} " * * *

{¶ 15} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree * * *."

{¶ 16} R.C. 2929.19(B), likewise, grants the trial court no discretion regarding the notice that must be afforded a defendant that will be subject to post-release control.

{¶ 17} The Ohio Supreme Court, in *Woods v. Telb* (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103, paragraph two of the syllabus, held that "[p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing *or at the time of a plea hearing* that post-release control is part of the defendant's sentence." (Emphasis added.)

{¶ 18} Haynie's brief indicates that the Ohio Supreme Court is currently considering the issues in Haynie's first assignment of error in two cases. In the cases *State v. Jordan,* 8th Dist. No. 80675, 2002-Ohio-4587, 2002 WL 2027525, appeal allowed by 98 Ohio St.3d 1460, 2003-Ohio-644, 783 N.E.2d 519; and *State v. Colbert,* 8th Dist. No. 80631, 2002-Ohio-6315, 2002 WL 31618503, appeal allowed by 99 Ohio St.3d 1441, 2003-Ohio-3017, 789 N.E.2d 1120, the trial court failed to

give notice to the defendants regarding the imposition of postrelease control prior to its written judgment entry. The case sub judice is distinguishable from both the *Jordan* and *Colbert* cases due to the trial court specifically informing Haynie about the imposition of postrelease control at his plea hearing:

{¶ 19} "The Court: You must also understand that if sentenced to a term of imprisonment, you would be subject to a mandatory five years of post-release control by the parole board. If, after completing your prison term, you violate the conditions of the post-release control sanction imposed by the parole board, the board could impose upon you a new prison term of up to nine months for each violation. However, the maximum cumulative prison terms for all violations of post-release control sanctions cannot exceed one-half of your original sentence."

{¶ 20} Haynie indicated that he understood the sanction explained by the court.

{¶ 21} The Eleventh District Court of Appeals construed the language of *Woods v. Telb* to state:

"[I]f there is a plea hearing, the trial court must inform the defendant of post-release control. However, if there is not a plea hearing, the court must inform the defendant about post-release control at the sentencing hearing. This interpretation is consistent with the provisions of the Revised Code. To hold otherwise would circumvent R.C. 2943.032 and Crim.R. 11(C)(2)(a). A defendant has the right to know about post-release control *before* entering a guilty plea." (Emphasis sic.) *State v. Johnson,* 11th Dist. No. 2002–L–024, 2004-Ohio-331, 2004 WL 144202, at ¶ 25.

{¶ 22} Following this interpretation, we conclude that the trial court complied with the statutory requirements by fully advising Haynie about the imposition of postrelease control prior to accepting Haynie's guilty plea. Haynie was therefore fully advised that the imposition of postrelease control was mandatory in his case prior to the trial court's judgment entry imposing the sanction. We hold that the trial court did not err in sentencing Haynie to postrelease control. Accordingly, the first assignment of error is overruled.

■ {¶ 23} In his second assignment of error, Haynie's main argument is that trial courts can recover court costs only from nonindigent defendants. Haynie also argues that even if trial courts can impose costs on indigent defendants, those costs cannot be collected from indigent defendants. Last, Haynie argues that the imposition of court costs on indigent defendants, specifically the effect of Ohio Adm.Code 5120–5–03, violates the Due Process and Equal Protection Clauses of the United States Constitution.

{¶ 24} R.C. 2947.23 governs the authority of the trial court to impose costs on a defendant convicted of a felony:

"In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid."

{¶ 25} Haynie argues, however, that when read in pari materia, R.C. 2947.23 and 2949.14 do not permit trial courts to recover costs from indigent defendants. R.C. 2949.14 provides:

"Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted."

{¶ 26} The language of R.C. 2949.14 does not govern the court's ability to order costs. Rather, the statute is directed at the ability of the clerk of courts to collect the costs from the person convicted. "While R.C. 2949.14 provides a collection mechanism only for non-indigent defendants, nothing in R.C. 2947.23 prohibits the court from assessing costs to an indigent defendant as part of the sentence." *State v. White*, 5th Dist. No. 02CA23, 2003-Ohio-2289, 2003 WL 21025839, at ¶ 9, appeal allowed by 100 Ohio St.3d 1406, 2003-Ohio-4948, 796 N.E.2d 534. In fact, this court held in *State v. Satta*, 3d Dist. No. 9–01–38, 2002-Ohio-5049, 2002 WL 31114690, at ¶ 62, that the trial court is required to assess the cost of prosecution against a convicted criminal defendant. We upheld this interpretation of the statutory language in *State v. Harshman*, 156 Ohio App.3d 452, 2004-Ohio-1202, 806 N.E.2d 598, at ¶ 9, where we held that "[t]he cost bill provision of R.C. 2949.14 does not alter the requirement that a court assess costs to a convicted defendant."

{¶ 27} There is a distinction between R.C. 2947.23, which merely provides that the court include costs as part of a defendant's sentence, and R.C. 2949.14, which provides the procedure that the clerk must follow in attempting to collect the court-imposed costs. *State v. Roux*, 154 Ohio App.3d 296, 2003-Ohio-4876, 797 N.E.2d 112, at ¶ 16. R.C. 2947.23 does not make a distinction between indigent and nonindigent defendants. That distinction is not made until the clerk attempts to collect the court-imposed costs. The trial court has the authority to

assess costs upon an indigent defendant so that in the event an indigent defendant ceases to be indigent in the future, the clerk can then collect costs pursuant to the procedure outlined in R.C. 2949.14. *White*, 2003-Ohio-2289, at ¶ 9. Therefore, we hold that the trial court did not err in ordering Haynie to pay court costs as part of his sentence.

{¶ 28} As part of his second assignment of error, Haynie argues that the application of Ohio Adm.Code 5120–5–03 violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. This Administrative Code section provides:

{¶ 29} "(A) The purpose of this rule is to establish guidelines and procedures for withdrawing money that belongs to an inmate and that is in an account kept for the inmate by the department of rehabilitation and correction (DRC), upon receipt of a certified copy of a judgment of a court of record in an action in which an inmate was a party that orders an inmate to pay a stated obligation. The DRC may apply such money toward payment of the stated obligation to the court or in another matter as directed by the court." Ohio Adm.Code 5120–5–03(A).

{¶ 30} Pursuant to Ohio Adm.Code 5120–5–03(D), DRC has directed the correctional institutions to withdraw such funds for the purpose of payment of the prisoner's obligation from the prisoner's account "as long as the account retains ten dollars to make purchases from the commissary." Haynie argues that leaving only $10 per month in his account does not satisfy the equal protection prohibition against imposing unduly harsh repayment on debts owed to the state.

{¶ 31} The objective of Ohio Adm.Code 5120–5–03 is the collection of a valid judgment. Regarding the equal protection challenge of the code section, the Eleventh District Court of Appeals held:

"The means chosen to achieve that objective is the garnishment of an inmate's account. The procedures adopted parallel the collection procedures for non-inmate debtors but are adapted to fit the special problems associated with pursuing collections from inmates and their accounts. (citation omitted) Thus, Ohio Adm.Code 5120–5–03 passes the rational basis test and does not violate the equal protection clause." *State v. Peacock*, 11th Dist. No. 2002–L–115, 2003-Ohio-6772, 2003 WL 22952755, at ¶ 54.

{¶ 32} We agree with the holding of the *Peacock* court that Ohio Adm.Code 5120–5–03 does not violate the Equal Protection Clause.

{¶ 33} Regarding the due-process challenge of the code section, the *Peacock* court held:

"Ohio Adm.Code 5120–5–03 provides a detailed garnishment procedure. It requires the warden's designee to determine whether 'the judgment and other

relevant documents are facially valid.' Ohio Adm.Code 5120–5–03(C). The warden's designee then provides notice to the inmate of the debt and its intent to seize money from the inmate's account. Id. The notice must inform the inmate of a right to claim exemptions and the type of exemptions available under R.C. 2329.66. Id. Only after the inmate has had an opportunity to assert any exemption or defense, may money be withdrawn from the inmate's account. Id. Finally, only the amount of monthly income received in the inmate's account that exceeds ten dollars may be withdrawn to satisfy the judgment. Ohio Adm.Code 5120–5–03(E)." Id. at ¶ 56.

{¶ 34} Haynie, like the complaining prisoner in the *Peacock* case, has failed to provide any evidence that the amount remaining in his account after the garnishment of the monthly amount for court costs is or would be insufficient to meet his needs while he is incarcerated. The Second District Court of Appeals has held that "while a defendant's indigent status may not operate to deprive him of the substantive constitutional rights guaranteed to every criminal accused, indigent status 'does not shield him from the burdens imposed on him by the law in the event of conviction. One of these is an obligation to pay for the costs of the action that resulted in his conviction.'" *State v. Costa* (Sept. 3, 1999), 2d Dist. No. 99CA0014, 1999 WL 957647, * 2, citing *State v. Engle* (Mar. 19, 1999), 2d Dist. No. 98CA125, 1999 WL 147920, * 2. Therefore, we hold that Ohio Adm. Code 5120–5–03 comports with the due-process requirements of the Fifth and Fourteenth Amendments to the United States Constitution. Accordingly, Haynie's second assignment of error is overruled.

{¶ 35} Having found no merit with Haynie's assignments of error, we affirm the judgment of the Common Pleas Court of Marion County.

Judgment affirmed.

SHAW, P.J., and CUPP, J., concur.