DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the September 2, 2003 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, James Nicholson, following his conviction of escape, a violation of R.C. 2921.34(A)(1) and (C)(2)(b), a felony of the third degree. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following sole assignment of error on appeal:
 {¶ 2} "The trial court erred when it ordered the defendant-appellant to pay unspecified court costs, fees, and attorney fees."
 {¶ 3} At the time of his arraignment, appellant told the court that he did not have the funds to hire an attorney and that he was unemployed. The court found appellant to be indigent and appointed counsel to represent him.
 {¶ 4} Following the entry of a no contest plea, the court held a sentencing hearing. During the hearing, appellant's counsel stated that appellant had been on transitional control for a prior conviction to help with his transition back into the community and to provide him with vocational skills and a job. Appellant had obtained a job and was a "great" employee. The attorney also noted that appellant was employed until the time of his arrest on the escape charges.
 {¶ 5} In its sentencing order, the court found that appellant has or reasonably may be expected to have the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law. Therefore, the court ordered appellant to pay these costs.
 {¶ 6} On appeal, appellant argues in his sole assignment of error that the court erred when it ordered appellant to pay unspecified court costs, fees, and attorney fees. In his brief in support of the assignment of error, he argues that the court did not make an inquiry or determination that appellant had the ability to pay such costs.
 {¶ 7} Pursuant to R.C. 2947.23, the trial court was required to "include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." There is no requirement that the court determine that an offender has the ability to pay such costs. State v. Haynie,157 Ohio App.3d 708, 2004-Ohio-2452, at ¶ 27.
 {¶ 8} However, there is such a requirement with respect to the cost of appointed representation. R.C. 2941.51(D) provides that "if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." To impose such a financial sanction, the court "must make an affirmative determination on the record in the form of a journal entry, that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him. The court must then enter a separate civil judgment for the attorney fees or any part thereof that the court finds the defendant has the ability to repay." See, also,Galion v. Martin (1991), 3d App. Dist. No. 3-91-6, at 12 andState v. Peoples, 6th Dist. App. No. L-02-1048, 2003-Ohio-2794, at ¶ 3.
 {¶ 9} In this case, appellant's counsel indicated that appellant had been working up until the time of his arrest. Therefore, we find that there was evidence in the record supporting the court's determination that appellant was able to pay for the cost of his representation. Appellant's sole assignment of error is found not well-taken.
 {¶ 10} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Singer, J., Pietrykowski, J., Concur.