DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court upon appeal of a bail order by the Wood County Court of Common Pleas entered in the case of State v. Warden, trial court case no. 02-CR-179. Following a hearing on a motion of the state to forfeit bond, the trial court denied the motion to forfeit, but ordered that the $10,000 in cash posted by appellant Paul Heil as bailor be applied to payment of defendant Warden's fine in his cocaine trafficking and pattern of corrupt activity convictions.
 {¶ 2} In his single assignment of error, appellant states:
 {¶ 3} "It constituted error for the court to order the bail money deposited by appellant to be confiscated and applied to payment of the defendant's fines."
 {¶ 4} At the December 6, 2004 hearing on a motion by the state to forfeit bond, defendant Warden was present with counsel. The state reviewed the history relative to the bond issue. On January 24, 2003, appellant posted $10,000 cash bond. In addition, on May 23, 2003, a $40,000 surety bond was posted by another party. Subsequently, in July 2003, the total bond amount of $50,000 was converted into an appellate bond. In September 2004, the state's motion to revoke the bond was granted by the trial court based on defendant Warden's violation of bond conditions, including receiving a DUI charge in an adjoining county and failing to keep in contact with his attorney and/or failing to inform authorities of a change in his address. The trial court also issued an arrest warrant. On November 24, 2004, this court affirmed defendant Warden's conviction.
 {¶ 5} Based on defendant Warden's presence in court at the only court date set on December 6, 2004, the trial court denied the state's motion for forfeiture of the bond. However, the trial court ordered that the $10,000 cash bond posted by appellant be applied towards defendant Warden's fines. Appellant filed a motion to reconsider this order. The trial court denied said motion.
 {¶ 6} "The purpose of bail is to insure that the accused appears at all stages of the criminal proceedings." State v.Sheldon, 6th Dist. No. WD-04-055, 2005-Ohio-2686 at ¶ 9 citingState v. Hughes (1986), 27 Ohio St.3d 19, 20; State v. Rich,
6th Dist. No. L-04-1102, 2004-Ohio-5678, at ¶ 14. R.C.2937.40(A)(2) requires a court to discharge and release any type of bail that is deposited by a person other than the accused once, inter alia, the accused has appeared in accordance with terms of the recognizance or deposit and the entry of judgment by the court or magistrate. State v. Harshman,156 Ohio App.3d 452, 2004-Ohio-1202 at ¶ 14. Further, "R.C. 2937.40(B) forbids cash or securities deposited as bail by a person other than the accused to be used to satisfy any legal obligation of the accused upon discharge and release of bail except upon the express approval of the person who deposited the cash or securities."State ex rel. Denton v. Bedinghaus, 98 Ohio St.3d 298,2003-Ohio-861 at ¶ 20; See State v. Lefever (1993),91 Ohio App.3d 301. In addition, when the issue is a breach of a condition of bail rather than a failure to appear before the court, Crim.R. 46(I) provides, "the court may amend the bail." (Emphasis added.) Crim.R. 46(I).
 {¶ 7} In the present case, it is undisputed that defendant Warden had never failed to appear as required in his case. Rather, the state complained about his breach of the conditions of bail. Pursuant to R.C. 2937.40(B), the trial court had no authority to apply any of the cash deposited by appellant toward the satisfaction of any penalty or fine, and court costs, assessed against defendant Warden, except upon express approval of appellant. The record indicates no such express approval by appellant. Appellant's assignment of error is well-taken.
 {¶ 8} The judgment of the Wood County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Appellee is ordered to pay the court costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Skow, J. Parish, J. concur.